IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 41387-2013

| JANE DOE (2013-23), | ) | |
|---|---|---|
| | ) | **Boise, December 2013 Term** |
| Petitioner-Appellant, | ) | |
| | ) | **2013 Opinion No. 137** |
| v. | ) | |
| | ) | **Filed: December 18, 2013** |
| JOHN DOE, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, in and for Cassia County. The Hon. Blaine P. Cannon, Magistrate Judge.

The judgment of the magistrate court is affirmed.

A. Elizabeth Burr-Jones, Burley, argued for appellant.

Lisa M. Schoettger, Nicholson Migliuri & Rodriguez PLLC, Twin Falls, argued for respondent.

―――――――――――――――――

EISMANN, Justice.

This is an appeal from a judgment dismissing a petition filed by the maternal grandmother of a child born out of wedlock in which the grandmother sought to terminate the parental rights of the biological father and to adopt the child. After the magistrate court entered an order granting the petition, the biological father intervened and successfully moved to set aside the order. The grandmother's petition was ultimately dismissed, and she appealed. We affirm the judgment of the magistrate court.

## I.
## Factual Background.

In August 2012, a child was born out of wedlock to Mother and Father. Father was present at the child's birth, but he declined to sign an affidavit acknowledging paternity while at the hospital because he was not absolutely certain that he was the child's biological father.

Shortly after the birth, he began working out of state for two months. During that time, he maintained contact with Mother, and they discussed custody and support of the child. Mother sent him pictures of the child, and upon his return to the state she allowed him to see the child. Father arranged for paternity testing, which established on November 6, 2012, that he was the child's father. He told Mother that he wanted to share custody of the child and offered to help pay for Mother's medical expenses related to the birth. During their communications, Father expressed his desire to spend more time with the child. Mother agreed to meet with him on December 12, 2012, to discuss his visitation with the child.

On December 10, 2012, the maternal grandmother (Grandmother) of the child filed a petition seeking to terminate Father's parental rights and to adopt the child. Grandmother knew the identity of Father, but did not name him in the petition. Grandmother also filed with the petition a consent to adoption signed by Mother and an agreement to adopt the child signed by Grandmother.

On December 11, 2012, Grandmother had a summons issued directed to Mother. On the same day, Grandmother filed a notice of hearing, setting the petition for hearing at 4:00 p.m. later that day. Prior to the hearing, Grandmother filed an acceptance of service signed by Mother. The hearing commenced at 4:08 p.m. During the hearing, Mother again signed a consent to the adoption, and Grandmother again signed an agreement to adopt the child. Upon the conclusion of the hearing, the magistrate court issued an order terminating Father's parental rights and granting Grandmother's petition for adoption. The order was filed with the clerk of the court four minutes after the hearing began. The next day, Mother informed Father by text message their meeting was cancelled, and later that day she informed him by text message that he could not visit the child.

On December 20, 2012, Mother informed Father by text message that she thought it best if he was absent from the child's life. Earlier on that same day, Father filed a paternity action against Mother seeking a judgment of filiation establishing that he is the father of the child, a determination of custody, and the establishment of child support. The following day, Father learned of the order terminating his parental rights. On January 9, 2013, he filed an affidavit with the state declaring that he was the child's father, and on January 11, 2013, he filed a motion to set aside the order granting the petition to terminate his parental rights and to have the child adopted by Grandmother. After briefing and argument, the magistrate court on April 24, 2013,

entered a decision and order granting Father's motion.  A final judgment was ultimately entered on August 9, 2013, and Grandmother timely appealed from that judgment.

## II.
## Did Father Lack Standing to Challenge the Order Granting Grandmother's Petition?

Grandmother contends that Father did not have standing to challenge the order granting Grandmother's petition to terminate Father's parental rights and to grant Grandmother's petition to adopt the child.  Grandmother argues that Father lacked standing because he had lost his parental rights under Idaho Code section 16-1513.  She also argues that he failed to establish his parental rights to the child.

"The doctrine of standing focuses on the party seeking relief and not on the issues the party wished to have adjudicated."  *Doe v. Roe*, 142 Idaho 202, 204, 127 P.3d 105, 107 (2005). "When an issue of standing is raised, the focus is not on the merits of the issues raised, but upon the party who is seeking the relief."  *Scona, Inc. v. Green Willow Trust*, 133 Idaho 283, 288, 985 P.2d 1145, 1150 (1999).  "Indeed, a party can have standing to bring an action, but then lose on the merits."  *Bagley v. Thomason*, 149 Idaho 806, 808, 241 P.3d 979, 981 (2010).  Whether or not Father has lost his parental rights is irrelevant to the issue of his standing.

In her petition, Grandmother alleged that the child "was born to the Respondents, [Mother] and PUTATIVE FATHER."  The relief she sought included "an Order terminating the parental rights of PUTATIVE FATHER."   "The underlying premise in a parental rights termination action . . . is that the defendant parent has some parental right to his or her child, which should be terminated."  *Doe*, 142 Idaho at 204, 127 P.3d at 107.  It is undisputed that Father was the putative father to whom Grandmother referred in her petition.  Although she did not name Father in the petition or attempt to serve him, she knew who he was.  He is in the position of a defendant because Grandmother was attempting to terminate his parental rights.  A defendant obviously has standing to litigate the substantive issue raised regarding that defendant. *Armand v. Opportunity Mgmt. Co., Inc*., No. 39445–2011, 2013 WL 6198233, at *6 (Idaho Nov. 26, 2013).

In addition, "[t]o satisfy the requirement of standing litigants must allege an injury in fact, a fairly traceable causal connection between the claimed injury and the challenged conduct,

3

and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." *Bagley,* 149 Idaho at 807, 241 P.3d at 980. "The alleged injury must be to the litigant whose standing is at issue." *Abolafia v. Reeves*, 152 Idaho 898, 902, 277 P.3d 345, 349 (2012). Father is the biological father of the child and seeks to prevent a judgment terminating his parental rights in the child. He clearly has standing to challenge the termination of those rights. As we stated in *Doe*: "If Father has parental rights, then there is no question that he may suffer an injury in fact if those rights are terminated. Permitting him to appear and object to termination is a means by which he could prevent that injury, giving him standing." 142 Idaho at 204, 127 P.3d at 107.


## III.
### Did the Magistrate Court Err in Setting Aside the Order Granting Grandmother's Petition?

On December 11, 2012, the magistrate court entered an order terminating Father's parental rights in the child and decreeing that the child was adopted by Grandmother. On January 11, 2013, Father filed a motion seeking to set aside that order pursuant to Rule 60(b) of the Idaho Rules of Civil Procedure. The grounds alleged were mistake, surprise, excusable neglect, fraud, misrepresentation, and misconduct of an adverse party. After the hearing on his motion, Father filed proposed findings of fact and conclusions of law in which he argued that the order could also be set aside under the equitable doctrine of quasi-estoppel. The magistrate court granted the motion under Rule 60(b), finding that there was excusable neglect and misconduct of an adverse party under subsections (1) and (3) respectively of that rule. The magistrate court also set aside the order pursuant to the equitable doctrine of quasi-estoppel based upon Mother's conduct in informing Father that she would allow Father to have visitation with the child and then consenting to have Grandmother adopt the child.

On appeal, Grandmother makes several arguments challenging the magistrate court's action in vacating its order of December 11, 2012. All of her arguments regarding the vacation of that order are based upon the incorrect assumption that the order entered on April 24, 2013, was a final judgment. It clearly was not. In fact, Grandmother's first appeal was filed on May 21, 2013, and it was dismissed without prejudice by order of this Court issued on July 12, 2013. That order explained why there was, as yet, no final judgment in the case. The order stated:

4

On December 11, 2012, the magistrate court entered a document entitled, "ORDER TERMINATING PARENTAL RIGHTS AND GRANTING ADOPTION OF MINOR CHILD." That Order did not constitute a final judgment because it did not comply with Rule 54(a) of the Idaho Rules of Civil Procedure.

On January 11, 2013, the father of the minor child filed a motion to set aside the Order. On April 24, 2013, the magistrate court entered an opinion granting the motion, and on May 20, 2013, the court entered an Order setting aside the Order.

On May 21, 2013, Appellant filed a Notice of Appeal from the magistrate judge's opinion entered on April 24, 2013. On June 27, 2013, this Court entered an ORDER CONDITIONALLY DISMISSING APPEAL because no final judgment had been entered. Since the Order entered on December 11, 2012, was not a final judgment, the Order setting aside that Order was not an order entered after a final judgment.

On July 10, 2013, the magistrate court entered a document entitled "JUDGMENT" which decreed that the Order entered on December 11, 2012, was set aside. That document did not constitute a judgment because it merely set aside an interlocutory order and did not resolve any claims for relief.

A judgment is defined in Rule 54(a) of the Idaho Rules of Civil Procedure as follows:

"Judgment" as used in these rules means a separate document entitled "Judgment" or "Decree". A judgment shall state the relief to which a party is entitled on one or more claims for relief in the action. Such relief can include dismissal with or without prejudice. A judgment shall not contain a recital of pleadings, the report of a master, the record of prior proceedings, the court's legal reasoning, findings of fact, or conclusions of law. A judgment is final if either it has been certified as final pursuant to subsection (b)(1) of this rule or judgment has been entered on all claims for relief, except costs and fees, asserted by or against all parties in the action.

A document that does not comply with Rule 54(a) does not constitute a final judgment. *Estate of Holland v. Metro. Prop. and Cas. Ins. Co*., 153 Idaho 94, 99, 279 P.3d 80, 85 (2012).

The order entered on December 11, 2012, was not a judgment because it did not comply with the rule. Under the rule, a judgment must be titled "Judgment" or "Decree." The order was titled, "ORDER TERMINATING PARENTAL RIGHTS AND GRANTING ADOPTION OF MINOR CHILD." Under the rule, a judgment cannot contain findings of fact. The order included twelve numbered paragraphs of factual findings. Therefore, it was not a final judgment. It was simply an interlocutory order.

5

The order entered on April 24, 2013, was titled "OPINION GRANTING MOTION TO SET ASIDE TERMINATION OF PARENTAL RIGHTS AND ADOPTION." It was not a judgment because it was not titled "Judgment" or "Decree" and because it did not resolve any claims alleged in the petition. It merely set aside an interlocutory order. It was not appealable as an order entered after judgment because no judgment had as yet been entered in the lawsuit.

On May 20, 2013, the magistrate court entered an order titled "ORDER GRANTING MOTION TO SET ASIDE TERMINATION OF PARENTAL RIGHTS AND ADOPTION." The order stated, "Based upon the court's Opinion Granting Motion to Set Aside Termination of Parental Rights and Adoption entered on April 24, 2013, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the court's Order Terminating Parental Rights and Granting Adoption of Minor Child entered on December 11, 2012 is set aside." That order did not constitute a judgment because it was not titled "Judgment" or "Decree" and because it did not state the relief to which a party was entitled on one or more of the claims for relief alleged in the petition. *Spokane Structures, Inc. v. Equitable Inv., LLC*, 148 Idaho 616, 619, 226 P.3d 1263, 1266 (2010). It merely reiterated the setting aside of the interlocutory order entered on April 24, 2013. The inclusion of the words "IT IS HEREBY ORDERED, ADJUDGED, AND DECREED" does not transform an order setting aside an interlocutory order into a judgment.

On August 9, 2013, the magistrate court entered a document titled "JUDGMENT," which stated, "IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Petition For Termination of Parental Rights and Adoption of Minor Child filed on December 10, 2010 is denied." That was the first judgment entered in this case, and on August 13, 2013, Grandmother appealed from that judgment.

Grandmother fails to understand the significance of the fact that the order entered on December 11, 2012, was not a final judgment. She makes various arguments based upon the erroneous assumption that the order was a final judgment. She argues that she was properly granted parental rights to the child, that Father failed to establish entitlement to relief under Rule 60(b), and that her parental rights were improperly terminated because no statutory basis for termination was shown. Because the order of December 11, 2012, was not a final judgment,

6

Grandmother was not granted parental rights to the child, Rule 60(b) did not apply,[1] and Grandmother did not have any parental rights in the child to be terminated.

Grandmother contends that Idaho Code section 16-1512 prevented the magistrate court from setting aside the order granting her petition for adoption and that the only remedy available to Father was an appeal to this Court. The statute only applies to an adoption that has become final.[2] Because the order granting Grandmother's petition for adoption was not a final judgment, the adoption never became final. Therefore, the statute has no application.

Grandmother argued in the magistrate court and argues on appeal that Father was not entitled to notice of the termination proceedings based upon Idaho Code section 16-1504(2)(b).[3] This statute provides that the consent of an unmarried biological father is necessary only if the father has strictly complied with the requirements of the section. When Grandmother filed her petition, that statute required, with respect to a child who is under six months of age "at the time he is placed with adoptive parents," that the biological father take specified actions "prior to the placement for adoption of the child in the home of prospective parents or prior to the date of commencement of any proceeding to terminate the parental rights of the birth mother, whichever event occurs first." Ch. 233, § 6, 2002 Idaho Sess. Laws 666, 673. There was no evidence in the record that the child in this case was ever placed for adoption in the home of prospective parents or that any proceedings were ever commenced to terminate Mother's parental rights. In her argument, Grandmother equates the entry of the order granting her petition for adoption with the

---

[1] "Rule 60(b) refers to the trial court relieving a party from 'a final judgment, order, or proceeding,'" it does not apply to relieving a party from an interlocutory order. *Idaho First Nat'l Bank v. David Steed and Assocs., Inc.*, 121 Idaho 356, 361, 825 P.2d 79, 84 (1992).

[2] That statute provides:

> 1) Any appeal from an order granting or refusing to grant an order of adoption shall be taken to the supreme court.
>
> (2) After the order of adoption by the court becomes final, no party to an adoption proceeding, nor anyone claiming under such party, may later question the validity of the adoption proceedings by reason of any defect or irregularity therein, jurisdiction or otherwise, but shall be fully bound by the order, except for such appeal as may be allowed in subsection (1) of this section. In no event, for any reason, other than fraud on the part of the party adopting a child, shall an adoption be overturned by any court or collaterally attacked by any person or entity after six (6) months from the date the order of adoption becomes final. This provision is intended as a statute of repose.

[3] Idaho Code section 16-2007 provides that a petitioner in a proceeding to terminate a parent and child relationship shall give notice to any person who is entitled to notice under Idaho Code section 16-1505. That statute provides that notice of adoption proceedings shall be served on, among others, any person whose consent or relinquishment is required under Idaho Code section 16-1504.

child being placed for adoption in Grandmother's home. They are not the same thing. There is no evidence that the child was ever physically placed for adoption in Grandmother's home. Because there was no evidence that Idaho Code section 16-1504(2)(b) applied in this case, that statute did not relieve Grandmother of the obligation to give Father notice of the termination proceedings.

The decision to grant or deny a request to set aside an interlocutory order is within the sound discretion of the trial court. *Jordan v. Beeks*, 135 Idaho 586, 592, 21 P.3d 908, 914 (2001). Grandmother has not argued in her briefing that the magistrate court abused its discretion in setting aside the order. In fact, the word "discretion" does not even appear in her brief. She has failed to show that the court erred in setting aside the order. Under the facts shown in the record, the magistrate court did not abuse its discretion in setting aside the order entered on December 11, 2012, based upon Grandmother's failure to give Father notice of the termination proceedings.

## IV.
### Did Father Fail to Establish His Parental Rights in the Child?

Grandmother argues that Father failed to establish his parental rights in the child. This argument is apparently connected with her argument that he lacked standing. As explained above, standing is not based upon whether the litigant will prevail on the merits. Nevertheless, Father was not required to prove in this lawsuit that he had parental rights.

Father filed his paternity action prior to learning of the proceedings in this case, and the paternity action was not consolidated with this case. This is an action filed by Grandmother to terminate Father's parental rights. As stated above, "The underlying premise in a parental rights termination action . . . is that the defendant parent has some parental right to his or her child, which should be terminated." *Doe*, 142 Idaho at 204, 127 P.3d at 107.

Idaho Code section 16-2005 sets forth the grounds upon which a parent and child relationship can be terminated. Idaho Code section 16-2006 requires that a petition for the termination of a parent and child relationship shall include "[t]he grounds on which termination

8

of the parent and child relationship is sought." Grandmother's petition did not allege any of the grounds set forth in that statute.[4]

On August 9, 2013, the district court entered a judgment stating, "IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Petition For Termination of Parental Rights and Adoption of Minor Child filed on December 10, 2010 [sic] is denied." The record does not reflect why the court denied Grandmother's petition rather than setting the matter for a hearing. "In the absence of an adequate record, we will not presume error." *Mosell Equities, LLC v. Berryhill & Co., Inc.*, 154 Idaho 269, 278, 297 P.3d 232, 241 (2013).

Grandmother does not contend on appeal that the court erred in denying her relief on her petition. In fact, she does not even mention that judgment in her briefing, although her notice of appeal did state that she was appealing "from the final judgment, , describe [sic] the above entitled action (proceeding) on the day of August 9, 2013." The judgment denying her relief on her petition is an adjudication upon the merits of her petition. Thus, Grandmother's petition to terminate Father's parental rights was denied by the final judgment, and she does not contest that denial on appeal. Father was not required to establish his parental rights in this proceeding.

## V.
### Is Father Entitled to an Award of Attorney Fees on Appeal?

Father seeks an award of attorney fees on appeal pursuant to Idaho Code section 12-121. An award of attorney fees under that statute will be awarded to the prevailing party on appeal only when this Court is left with the abiding belief that the entire appeal was brought, pursued, or defended frivolously, unreasonably, or without foundation. *McGrew v. McGrew*, 139 Idaho 551, 562, 82 P.3d 833, 844 (2003); *Benz v. D.L. Evans Bank*, 152 Idaho 215, 231-32, 268 P.3d 1167, 1183-84 (2012). In this case, neither party understood the significance of the fact that the order entered on December 11, 2012, was not a final judgment. Both parties argued the merits as if it was a final judgment rather an merely an interlocutory order. Therefore, we will not award

---

[4] The closest that Grandmother's petition came to alleging a ground for terminating Father's parental rights was the allegation that "the natural father will sign a consent to the adoption of the child by her paternal [sic] grandmother, the petitioner." That may have been an assertion that when Father signed the consent to adoption, he would also sign a consent to termination before the judge pursuant to Idaho Code section 16-2005(4). Interestingly, the order signed by the magistrate also recited that "the natural father will sign a consent to the adoption of the child by her paternal [sic] grandmother, the petitioner."

attorney fees on appeal.  *Harrison v. Certain Underwriters at Lloyd's, London*, 149 Idaho 201, 206, 233 P.3d 132, 137 (2010).

## VI.
## Conclusion.

We affirm the judgment of the magistrate court dismissing the petition.  We award respondent costs on appeal but not attorney fees.

Chief Justice BURDICK, Justices J. JONES, HORTON and J. Pro Tem SCHROEDER **CONCUR.**