# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 40438-2012

TERRI BOYD-DAVIS,                              )
                                               )    Moscow, September 2014 Term
    Plaintiff-Counterdefendant-            )
    Respondent-Cross Appellant,             )    2014 Opinion No. 126
                                               )
and                                            )    Filed: December 2, 2014
                                               )
BRIAN F. DAVIS and JEAN L. COLEMAN,   )    Stephen W. Kenyon, Clerk
an individual,                                 )
                                               )
    Plaintiffs-Counterdefendants-           )
    Respondents,                            )
                                               )
v.                                             )
                                               )
TIMOTHY BAKER and CAROL BAKER,    )
husband and wife,                              )
                                               )
    Defendants-Counterclaimants-            )
    Appellants-Cross Respondents,           )
                                               )
and                                            )
                                               )
MARY PANDREA, an individual; JOHN   )
PANDREA, an individual; and DOES 1-50,  )
inclusive,                                     )
                                               )
    Defendants,                             )
                                               )
and                                            )
                                               )
JAMES GILBERTSON and NELLIE   )
GILBERTSON, husband and wife,                  )
                                               )
    Defendants-Counterclaimants.            )
                                               )

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Bonner County. Hon. Steve C. Verby, District Judge.

The judgment of the district court is <u>reversed</u> <u>in</u> <u>part</u> and <u>affirmed</u> <u>in</u> <u>part</u>.

D. Toby McLaughlin, Berg & McLaughlin Chtd., Sandpoint, argued for appellants.

Terri Boyd-Davis, Hayden, argued in her own behalf.

Jean L. Coleman and Brian F. Davis appeared at oral argument, but did not argue nor did they file a brief on appeal.

---

EISMANN, Justice.

This is an appeal out of Bonner County from a judgment determining the boundary between two adjoining parcels of real property. We reverse the judgment in part and affirm it in part.

## I.
## Factual Background.

Harry and Edith Clark owned substantial real property in Bonner County. In 1966, they conveyed a parcel of their real property to their daughter, Jean Coleman, and in 1970, they conveyed to her another parcel of real property adjoining the southern boundary of the parcel conveyed in 1966. Both parcels are herein called the "Coleman Property." The Coleman Property was bordered on the north and east by the Pack River Road and on the west and south by other property that the Clarks owned. In 2009, Jean Coleman conveyed an undivided interest in the Coleman Property to Brian Davis and Terry Boyd-Davis.

In 1974, the Clarks conveyed to Clifford and Joan Johnson a parcel of property bordering the southern boundary of the parcel conveyed to Jean Coleman in 1970. In 2007, the Johnsons conveyed this property to Timothy and Carol Baker, and it is herein called the "Baker Property." The issue in this case is the boundary between the Coleman Property and the Baker Property.

Harry Clark had prepared the legal descriptions of deeds by which the Clarks conveyed the parcels of real property. In 2009, the Bakers had their property surveyed, and they discovered that there was an ambiguity in the 1970 deed to Jean Coleman which created uncertainty as to the boundary between their property and the Coleman Property.

On April 19, 2010, the Plaintiffs filed this action to determine the boundary between the two properties and to assert other claims against the Bakers and others. The Bakers answered

2

and counterclaimed. In 1971, Clifford Johnson had constructed a fence near the northern boundary of his property and the southern boundary of the Coleman Property. The Plaintiffs contended, among other things, that the fence was the boundary line between the two properties, because that was the boundary intended by the Clarks in 1970 and because it constituted a boundary by agreement with the Johnsons after the fence was constructed in 1971.

The matter was tried to the district court. It concluded that the 1970 deed was ambiguous; that the Clarks and Jean Coleman intended the southern boundary in the deed to be where the fence was constructed by Mr. Johnson in 1971; and that the Plaintiffs had not proved that the fence marked a boundary by agreement. The court entered a partial judgment quieting the Plaintiffs' title in the disputed parcel of property and certified that partial judgment as final pursuant to Idaho Rule of Civil Procedure 54(a). The Bakers appealed and Boyd-Davis cross-appealed.

## II.
## Analysis.

**A. Standard of review.** "A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous." *Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 855, 55 P.3d 304, 309 (2002). In applying that principle, the appellate court cannot reweigh the evidence, judge the credibility of the witnesses, or substitute its view of the facts for that of the trial court. *Argosy Trust ex rel. Andrews v. Wininger*, 141 Idaho 570, 572, 114 P.3d 128, 130 (2005). It is the responsibility of the trial court to judge the credibility of witnesses and weigh conflicting evidence. *Bream v. Benscoter*, 139 Idaho 364, 367, 79 P.3d 723, 726 (2003). The appellate court's role is simply to determine whether there is evidence in the record that a reasonable trier of fact could accept and rely upon in making the factual finding that is challenged on appeal. *Miller v. Callear*, 140 Idaho 213, 216, 91 P.3d 1117, 1120 (2004).

**B. The district court's construction of the deeds.** The parties agree that the 1966 and 1970 deeds are ambiguous as to the point of beginning for the legal description of the respective properties. The point of beginning of the legal description in the 1966 deed was described as "a point 1250 feet North and 25 feet East" of a specified quarter corner. From that point, the legal description was "thence 40 feet East; thence 200 feet Southeasterly along the West boundary of Highway 130; thence 130 feet West; thence 180 feet North to the place of beginning." In 1966,

3

this portion of Highway 130 was known as Pack River Road, and it was an unpaved, muddy, dirt road. Thereafter, it had washed out numerous times and had been widened, paved, and realigned. However, the district court found that the point of beginning described in the deed would be on the north side of where the Pack River Road was at the time of the execution of the deed in 1966. If the point of beginning was on the north side of the road, the land described would include a section of the road.

The real point of beginning in the 1970 deed was the point at which the legal description in the 1966 deed turned west from the west boundary of the Pack River Road. From that point, the legal description was "hence 450 feet Southeasterly along the West boundary of Highway 130; thence 225 feet West; thence Northwesterly to a point 130 feet West of said Highway; thence 130 feet East to the true point of beginning." The 1970 deed was intended to describe a parcel adjoining the southern boundary of the parcel conveyed in the 1966 deed, but because it was based upon the legal description in the 1966 deed, there was the same ambiguity.

Jean Coleman testified that her father showed her the boundaries of the property that was conveyed to her by the 1970 deed. Her parents did not testify because they had both died before this lawsuit was commenced. In determining the intent of Mr. and Mrs. Clark, the district court relied upon several facts. In 1971, Mr. Clark moved a cabin onto the Coleman Property. The court concluded that he would not have moved it where it sat on the boundary line. Much of the property north and west of the cabin was wet. The court concluded that the Clarks would have wanted their daughter to receive property that was not wet. In 1971, Mr. Johnson built a fence near the boundary line of the two properties, and, although Jean Coleman did not know precisely where the boundary was, she accepted the fence as the boundary. There was a good relationship between the Clarks and the Johnsons, and the Johnsons did not use the property north of the fence.

The court accepted a diagram by a surveyor named Robert Stratton as being most consistent with the intent of the Clarks when they deeded the property to Jean Coleman in 1970. He did not survey the property, but considered the existing surveys and other information to prepare a diagram showing how, by, in essence, rotating the legal descriptions of both parcels 23 degrees counterclockwise, the southern boundary of the 1970 deed could basically correspond to the location of the fence erected by Mr. Johnson in 1971. He testified that he "rotated it based on the fence," although he agreed that there was no call to the fence in either the 1966 or the 1970

4

deed. Both deeds referred to the boundary of the Pack River Road, and his rotation would have the eastern boundary generally be thirty feet from the centerline of the current location of the road. Mr. Clark drafted the legal description of the east boundary of the properties as being "along the West boundary of Highway 130." Mr. Stratton admitted that he did not know whether Mr. Clark understood the boundary to be the physical edge of the road or the edge of the right-of-way. He testified that he arbitrarily picked 30 feet from the centerline. He also admitted that, to some extent, the southern boundary of the parcel conveyed in 1970 fits the fence because he "held a point arbitrarily on the fence line."

The litigation in this case was not between the grantors and grantee of the two deeds. It was between the grantee and subsequent purchasers of real property adjoining the grantee's property. In an attempt to determine the intent of the parties when the conveyance was made, the court must keep in mind the effect of the recording statutes. Idaho Code section 55-811 provides that a properly recorded deed "is constructive notice of the contents thereof to subsequent purchasers." Idaho Code section 55-812 provides that "[e]very conveyance of real property . . . is void as against any subsequent purchaser . . . of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded."

"In construing a deed, physical features existing upon the ground *and referred to in the description* must be considered." *Miller*, 140 Idaho at 216, 91 P.3d at 1120 (emphasis added). The fence was not referred to in either the 1966 or the 1970 deed. Indeed, it was not constructed until after the deeds were recorded.

The direction of the calls for the courses of the southern boundaries of both deeds was described as "West." The calls were west for a specified distance; they were not calls to a monument. There was no ambiguity with respect to the directions of the calls. In construing the deeds, the court could not simply change the direction of the calls to west, 23 degrees south, in order to make the deeds fit the fence, thereby taking property included within the legal description of the subsequent grantees. Because the 1970 deed was recorded before the deed to the Johnsons, it takes precedence. However, the ambiguity was the real point of beginning, not the call of the southern boundary. "When construing a deed description, effect must be given, if possible, to all of the language contained in the description." *Sun Valley Shamrock Res., Inc. v. Travelers Leasing Corp.*, 118 Idaho 116, 119, 794 P.2d 1389, 1392 (1990). "In ascertaining a disputed boundary, the calls in the respective deeds cannot be disregarded if they can be applied

5

and harmonized in any reasonable manner . . . ." 12 Am. Jur. 2d *Boundaries* § 56 (2009). The district court's construction of the deeds changed all of the calls in both deeds. That is not a reasonable construction of the deeds. It does not matter whether the Clarks intended to give Jean Coleman more land than was reasonably contained within the legal descriptions of her deeds. Changing the calls, particularly the call of the southern boundary of the 1970 deed, takes land that under our recording statutes was deeded to the Bakers. We therefore reverse the partial judgment of the district court. Because we have reversed the partial judgment, we need not consider the other issue raised by the Bakers on appeal.

**C. Boundary by agreement.** The district court announced its findings of fact and conclusions of law on April 28, 2011. On July 13, 2012, the court entered a memorandum decision and order to address other issues raised by the Plaintiffs, which were initially considered by the court to be moot based upon its decision construing the deeds according to the intents of the Clarks and Jean Coleman regarding the 1970 conveyance. In its decision and order, the court set forth an alternative order if its original decision was reversed on appeal. The court stated as follows:

> This Court made findings of fact and conclusions of law and announced them on April 28, 2011. In this alternative decision, which would be effective only if the earlier decision was reversed on appeal, the Court holds that: (1) The legal descriptions of the Coleman and Baker parcels overlap, as depicted in Plaintiffs' Trial Exhibit 23 [an undated plat of survey by Tucker Engineering done in the late 1970's], and the "overlap" portion of the disputed property was adversely possessed by the plaintiffs under a written claim of title. Further, all of the material elements necessary to establish a claim of adverse possession involving the area of overlap were proven with clear and convincing evidence; (2) The remaining portion of the disputed property that extends to the fence line was not adversely possessed by the plaintiffs, as the plaintiffs failed to prove that they paid taxes on that portion of the disputed property during the requisite time period; and (3) The plaintiffs did not prove their claim of boundary by agreement/acquiescence by clear and convincing evidence.

On September 13, 2012, the court entered a partial judgment quieting title to the Plaintiffs in the disputed property. On the same date, it entered a separate document titled "Rule 54(b) Certificate," but that document was ineffective to make the partial judgment a final judgment. Rule 54(b) of the Idaho Rules of Civil Procedure requires that the court "execute a certificate which shall immediately follow the court's signature on the judgment." After resolving an issue raised by the Plaintiffs regarding an easement across the Bakers' property, the court entered a

6

partial judgment on November 29, 2012, that both quieted their title in the disputed property and granted them the easement. The court properly certified that judgment as final pursuant to Rule 54(b).

The Plaintiffs cross-appealed the judgment, but only raised the issue of whether the court erred in its alternative decision and order in holding that they had failed to prove that the fence marked a boundary by agreement. Rule 11(a)(3) of the Idaho Appellate Rules states that appeals can be taken to this Court from "[j]udgments made pursuant to a partial judgment certified by the trial court to be final as provided by Rule 54(b), I.R.C.P." "Once a final judgment is appealed, the appeal is deemed to include all interlocutory judgments and orders entered prior to the judgment from which the appeal was taken." *Flying A Ranch, Inc. v. Bd. of Cnty. Comm'rs for Fremont County*, 156 Idaho 449, 457, 328 P.3d 429, 437 (2014). The district court's alternative decision involves matters directly related to the title to the real property adjudicated in the partial judgment. Therefore, we will consider the Plaintiffs' cross-appeal of the denial of their claim of a boundary by agreement.

"Boundary by agreement or acquiescence has two elements: (1) there must be an uncertain or disputed boundary and (2) a subsequent agreement fixing the boundary." *Luce v. Marble*, 142 Idaho 264, 271, 127 P.3d 167, 174 (2005). "Idaho case law demonstrates that an agreement, either express or implied, must exist to establish a boundary by agreement or acquiescence." *Cox v. Clanton*, 137 Idaho 492, 495, 50 P.3d 987, 990 (2002). "A long period of acquiescence by one party to another party's use of the disputed property provides a factual basis from which an agreement can be inferred." *Griffel v. Reynolds*, 136 Idaho 397, 400, 34 P.3d 1080, 1083 (2001). "Acquiescence, by itself, does not constitute a boundary by agreement. As we explained in *Wells v. Williamson*, 118 Idaho 37, 794 P.2d 626 (1990), 'boundary by acquiescence' is simply another name attached to the doctrine of boundary by agreement; it is not a separate legal theory." *Downey v. Vavold*, 144 Idaho 592, 595-96, 166 P.3d 382, 385-86 (2007).

The fence that the Plaintiffs contended marked a boundary by agreement was constructed by Mr. Johnson in 1971. He testified that his purpose for erecting the fence was to contain his horses. In its memorandum decision entered on July 13, 2012, the district court held that the Plaintiffs had failed to prove a boundary by agreement. The court found that based upon Mr. Johnson's testimony and the lack of corroboration that there was any agreement to treat the fence

7

line as the boundary, the Plaintiffs had failed to prove a boundary by agreement. The Plaintiffs filed a motion for reconsideration, and in its decision entered on November 29, 2012, the court again addressed the issue. It summarized Mr. Johnson's testimony as follows:

> Here, Clifford Johnson testified at trial that the fence was erected to contain horses and the shape of the fence was based upon the topography of the land, which contained a gully. He also testified that the fence was never intended to mark a boundary line. This evidence as to the manner and circumstances of the fence's original location is the only testimony addressing the purpose of the fence.

The court found this portion of Mr. Johnson's testimony credible and concluded: "It was the plaintiffs' burden of proof to establish all of the material elements of a boundary by agreement. They did not sustain the required burden that there was a boundary by agreement according to Idaho law."

On their cross-appeal, the Plaintiffs argue that even though there was no express agreement that the fence marked the boundary line, the district court erred in failing to find that there was an implied agreement based upon the surrounding circumstances and the long period of acquiescence in the fence marking the boundary. "Acquiescence is merely regarded as competent evidence of the agreement." *Griffel*, 136 Idaho at 400, 34 P.3d at 1083. "Although an agreement can be inferred from a long period of acquiescence, the trial court is not required to draw that inference." *Downey*, 144 Idaho at 596, 166 P.3d at 386. This case is very similar to *Cox* in which we affirmed the finding that the plaintiffs had failed to prove a boundary by agreement where the alleged boundary fence was erected to contain cattle. 137 at 495, 50 P.3d at 990. As we stated:

> [A] previous owner, Nina, provided evidence of the circumstances surrounding the erection of the fence, which demonstrated that the fence was hastily put up to contain cattle. Her testimony showed that the purpose of the fence was not to establish a boundary between the properties. She stated that no agreement existed between the Anderson family and the neighboring landowners to treat the fence line as the boundary.

*Id.*

In this case, the district court was the trier of fact. On appeal, we will not substitute our opinion for that of the trier of fact with respect to the credibility of witnesses, the weight to be given their testimony and other evidence, or the reasonable inferences to be drawn from the

8

evidence. *Phillips v. Erhart*, 151 Idaho 100, 106-07, 254 P.3d 1, 7-8 (2011). The decision of the district court is supported by substantial and competent evidence.

The Plaintiffs did not appeal the alternative decision and order entered by the district court. Therefore, this case is remanded to the district court to enter a judgment consistent with that order.

### III.
### Conclusion.

The partial judgment is reversed, and this case is remanded for entry of a partial judgment consistent with the district court's memorandum decision and order entered on July 13, 2012. We award appellants costs on appeal.

Chief Justice BURDICK, Justices J. JONES, HORTON and Senior Justice Pro Tem WALTERS **CONCUR.**