IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 41745

| | | |
|---|---|---|
| DALRIE COOK, fka DALRIE ARIAS, | ) | |
| | ) | Boise, November 2014 Term |
| Plaintiff-Appellant, | ) | |
| | ) | ORDER DENYING |
| v. | ) | RECONSIDERATION AND |
| | ) | VACATING JUDGMENT |
| HUGO MARCELO ARIAS, | ) | |
| | ) | Filed: February 6, 2015 |
| Defendant-Respondent. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, in and for Bonneville County.  Hon. Steven A. Gardner, Magistrate Judge; Hon. Earl Blower, Magistrate Judge.

Order denying reconsideration of order dismissing appeal and order vacating partial judgment of divorce.

Aaron J. Woolf, Thompson, Smith, Woolf & Anderson, PLLC, Idaho Falls, for appellant.

Neal Randall, Idaho Falls, for respondent.

---

EISMANN, Justice.

This is an appeal by permission out of Bonneville County from an order in a divorce action modifying child custody.  Because no final judgment dissolving the marriage and no judgment regarding custody had ever been entered in this action during the four-year period after the divorce trial, we dismissed the appeal because it did not qualify for an appeal by permission.  After the appeal was dismissed, the magistrate court entered a partial judgment purporting to retroactively divorce the parties four years earlier and a partial judgment regarding custody and the division of property and debts.  The appellant then filed a motion seeking reconsideration of the order dismissing the appeal.  We deny that motion, vacate the partial judgment retroactively terminating the parties' marriage, and direct the magistrate court to enter a new partial judgment dissolving their marriage.

# I.
# BACKGROUND AND ANALYSIS.

On January 23, 2009, Dalrie Arias (Plaintiff) filed this action against Hugo Arias (Defendant) to annul their marriage on the ground that at the time of their marriage on April 9, 1993, he was still married to another. During their marriage, Plaintiff and Defendant had two children, a daughter born in 1998 and a son born in 1999. Plaintiff later withdrew the claim for an annulment, and this action proceeded as one for divorce.

The trial was held on January 6, 12, and 13, 2011, before Magistrate Blower. On January 25, 2011, he entered a document that purported to be a judgment, but was not. The document was titled "Decree of Divorce Nunc Pro Tunc," and it provided as follows:

> This matter came before the court for trial on January 6, 12 and 13, 2011. The court has heard the evidence and argument of counsel. The court has taken under advisement the issues of property and debt division and custody and visitation. However, the parties having stipulated to entry of a decree of divorce on the grounds of irreconcilable differences, at [sic] it appearing that the plaintiff is entitled to a divorce on the grounds of irreconcilable differences, and the court being fully advised in the premises;
> NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS follows:
> 1. That the plaintiff is granted a divorce from the defendant upon the grounds of irreconcilable differences, nunc pro tunc January 13, 2011, and the bonds of matrimony existing between the plaintiff and the defendant be, and the same are, hereby dissolved and each parry is restored to the status of single person.
> 2. That Plaintiff shall be restored to her maiden name of "Dalrie Summers."
> 3. That the court by written decision to follow this decree shall decide all remaining issues.

The purported judgment did not constitute a judgment because it contained a record of prior proceedings (the opening paragraph) in violation of Rule 54(a) of the Idaho Rules of Civil Procedure. *Estate of Holland v. Metro. Prop. and Cas. Ins. Co.*, 153 Idaho 94, 99, 279 P.3d 80, 85 (2012). That rule, which went into effect over six months earlier, provided that "[a] judgment shall not contain . . . the record of prior proceedings." I.R.C.P. 54(a) (effective July 1, 2010). The purported judgment also attempted to make the divorce retroactive to January 13, 2011, the last day of the trial, and it included a statement that was not granting any relief requested in the pleadings ("That the court by written decision to follow this decree shall decide all remaining

2

issues."). The pleadings asked the court to divide the property and debts, not merely to agree to decide those issues.

Even if the purported judgment had complied with Rule 54(a), it would not have been a final judgment. The rule states, "A judgment is final if either it has been certified as final pursuant to subsection (b)(1) of this rule or judgment has been entered on all claims for relief, except costs and fees, asserted by or against all parties in the action." For the purported judgment to be final, he would have had to either certify it as final pursuant to Rule 54(b)(1) or enter a judgment on the remaining issues. He did neither.

On February 4, 2011, Magistrate Blower entered his "Findings of Fact and Conclusions of Law" addressing the remaining issues in the case. However, he did not enter a judgment regarding those issues. Instead, he directed Defendant's counsel "to prepare a proposed Supplemental Order" that was consistent with the findings of fact and conclusions of law.

The primary dispute regarding custody was whether Plaintiff could move with the children to Utah so she could live with an old boyfriend. In his findings of fact and conclusions of law, Magistrate Blower stated that the children would reside with Defendant unless Plaintiff, within fourteen days, filed a document stating that she "abandons her plan to move the children away, in which event the court would order that the children reside primarily with [Plaintiff] and have reasonable visitation with [Defendant]." Plaintiff filed that document on February 11, 2011.

There was further litigation concerning the findings of fact and conclusions of law, and on March 17, 2011, Magistrate Blower entered a memorandum decision modifying the findings of fact and conclusions of law. He directed Defendant's counsel "to prepare a proposed Supplemental Order" that was consistent with the findings of fact and conclusions of law, as amended. Defendant's counsel did so, and on April 29, 2011, Magistrate Blower entered a "Supplemental Order" setting forth orders on the various issues addressed in the findings of fact. The order stated, "Because [Plaintiff] filed her Statement of Unequivocal Desire on February 11, 2011—advising the court that she will continue to reside in the Idaho Falls area—the children shall reside with [Plaintiff] except as provided below." The Supplemental Order then set forth Defendant's visitation schedule.

Magistrate Blower did not enter a judgment on the issues addressed in the Supplemental Order. Therefore, the Supplemental Order was simply an interlocutory order. *Doe v. Doe*, 155

3

Idaho 660, 663, 315 P.3d 848, 851 (2013). There is also no indication in the record that either counsel requested that Magistrate Blower enter a judgment on the issues addressed in the Supplemental Order.

On August 11, 2011, Plaintiff filed a motion to modify that portion of the Supplemental Order that granted her primary physical custody of the children upon her statement that she would continue to reside in Idaho Falls. In support of her motion, she stated that she had remarried and wanted to take the children to Utah to live with her new husband. She moved to disqualify Magistrate Blower, and he entered a judgment disqualifying himself from continuing to preside over this case. Magistrate Gardner was then appointed to preside.

Magistrate Gardner heard Plaintiff's motion to modify the Supplemental Order. On November 25, 2011, he entered an order denying the motion. In doing so, he wrote, "The law in this state is equally well settled that modifications of a decree of divorce to change the custody of minor children can be made only upon a showing of material, permanent and substantial change in the circumstances of the parties." That standard is applicable to a motion to modify a final judgment regarding custody, but no final judgment had ever been entered in this case regarding custody and the Supplemental Order was merely an interlocutory order.

Plaintiff appealed the denial of her motion to the district court. On December 6, 2012, the district court dismissed the appeal on the ground that the order denying her motion did not comply with the requirements of Rule 54(a) for a judgment. The district court failed to notice that no final judgment had ever been entered in this case, and it erroneously concluded that an order denying a motion to modify a judgment (assuming one had been entered) must also meet the requirements of Rule 54(a).[1]

In response to the district court's decision dismissing the appeal, Magistrate Gardner on February 21, 2013, entered a "Judgment" dismissing Plaintiff's motion to modify custody that

---

[1] Had there been a final judgment, an order denying a motion to amend that judgment need not comply with Rule 54(a). An order denying a motion to amend a judgment is not a judgment. An order granting a motion to modify a final judgment also need not comply with Rule 54(a), but an amended judgment should thereafter be entered reflecting the judgment as amended. To constitute a judgment, the amended judgment must be a single document that sets forth the provisions of the original judgment as amended by the subsequent order. Although the district court did not cite Rule 60(c) for its belief that an order denying a motion to amend child custody must comply with Rule 54(a), Rule 60(c) does not make a motion to modify child custody or support a new civil action. It simply requires certain procedures similar to the commencement of an action ("The motion shall be in a form similar to a complaint, served with a notice directing the opposing party to file a written response within twenty (20) days, or default may be entered, with or without hearing.") in order to improve the processing of those motions.

4

had been filed on August 11, 2011. Based upon that "Judgment," the district court then heard the merits of the appeal, and on May 31, 2013, it entered an opinion upholding Magistrate Gardner's decision that Plaintiff had failed to show a material, permanent and substantial change in circumstances since the entry of the original decree, even though no final decree had ever been entered in this action. As stated above, because no judgment had ever been entered regarding custody, that was not the correct standard to apply. Likewise, for the same reason, the matter was not even appealable to the district court. I.R.C.P. 83(a).

On March 25, 2013, Plaintiff filed another motion to modify the order regarding child custody, asking that she be allowed to relocate with the minor children to Salt Lake City, Utah. She alleged that she had remarried and that the children desired to live with her in Utah. Defendant responded by filing a motion to dismiss. On August 30, 2013, Magistrate Gardner entered an "Order Granting Motion to Dismiss" on the ground that Plaintiff had failed to show a material, permanent and substantial change in circumstances and was simply attempting "to re-hash issues that were the subject of the trial." As stated above, that was not the proper standard because Plaintiff was seeking to amend an interlocutory order. On September 19, 2013, Magistrate Gardner entered a "Judgment" granting Defendant's motion to dismiss, dismissing Plaintiff's motion to amend custody, denying other motions, ordering that Defendant was entitled to an award of attorney fees, and vacating the trial. Obviously, that "Judgment" was not a judgment that complied with Rule 54(a).

Plaintiff moved to Utah with the parties' daughter and enrolled her in school. On September 5, 2013, Defendant filed a motion seeking an expedited hearing on custody. After hearing that motion, Magistrate Gardner entered on October 13, 2013, a document titled "Order Granting Motion for Expedited Hearing as to Custody." In that order he stated, sua sponte, that pursuant to Rule 60(b)(6)[2] he was modifying child custody by granting Defendant primary physical custody of both children, but ordering that the parties' daughter be transitioned into moving back to Idaho to live with Defendant.

---

[2] Because no final judgment had ever been entered in this action, Rule 60(b) did not apply. *Doe v. Doe*, 155 Idaho 660, 664, 315 P.3d 848, 852 (2013); *Idaho First Nat'l Bank v. David Steed and Assocs., Inc*., 121 Idaho 356, 361, 825 P.2d 79, 84 (1992).

On November 1, 2013, Magistrate Gardner entered an "Order for Child Support" requiring Plaintiff to pay child support. On November 25, 2013, he entered a document titled "Rule 54(b) Certificate," which stated:

> With respect to the issues determined by the ***ORDER GRANTING MOTION FOR EXPEDITED HEARING AS TO CUSTODY*** filed herein October 3, 2013, and the ***ORDER FOR CHILD SUPPORT*** filed herein November 1, 2013, it is hereby CERTIFIED in accordance with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for the delay of the entry of a final judgment and that the court has and does hereby direct that the above judgments or orders shall be a [sic] final judgments upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

A Rule 54(b) certificate only makes a partial judgment that does not resolve all issues in the case into a final judgment. It does not make a document that does not comply with Rule 54(a) into a judgment. Because neither order constituted a judgment, the Rule 54(b) certificate was meaningless. *Clearwater REI, LLC v. Boling*, 155 Idaho 954, 958, n.2, 318 P.3d 944, 948 (2014). In addition, the rule requires that "the court shall execute a certificate which shall immediately follow the court's signature on the judgment." I.R.C.P. 54(b)(1). A Rule 54(b) certificate cannot be filed as a separate document. *Boyd-Davis v. Baker*, ___ Idaho ___, 339 P.3d 749, 753 (2014). Thus, the Rule 54(b) certificate entered by the magistrate was of no effect.

On January 10, 2014, Plaintiff filed a motion for a permissive appeal pursuant to Rule 12.1 of the Idaho Rules of Civil Procedure. This Court granted the motion. A clerk's record was filed with this Court on March 21, 2014, and the parties completed their briefing on May 9, 2014. The case was to be set for oral argument in November 2014, but the parties agreed to submit the matter on the briefs.

This Court later discovered that no final judgment had ever been entered in this case. As a result, this case did not qualify for a permissive appeal pursuant to Rule 12.1. That rule permits a direct appeal from the magistrate court to this Court "of a final judgment, as defined in Rule 54(a) of the Idaho Rules of Civil Procedure, or order made after final judgment, involving the custody of a minor." I.A.R. 12.1. Therefore, on January 7, 2015, the clerk of this Court issued an order dismissing the appeal.

On January 20, 2015, Magistrate Gardner responded by entering a "Decree of Divorce and Judgment," which stated as follows:

> JUDGMENT IS ENTERED AS FOLLOWS:

1.   That the Plaintiff is granted a divorce from the Defendant upon the grounds of irreconcilable differences, nunc pro tunc January 13, 2011, and the bonds of matrimony existing between the Plaintiff and the Defendant be, and the same are, hereby dissolved and each party is restored to the status of single person.

2.   That Plaintiff is restored to her maiden name of "Dalrie Summers."

The attempt to make the partial judgment retroactive is void.  "[A] judgment may not be given nunc pro tunc effect to correct a judicial error."  *Weaver v. Searle Bros.*, 131 Idaho 610, 615, 962 P.2d 381, 386 (1998).  In this case, Magistrate Blower did not enter a final judgment terminating the parties' marriage.  The failure to enter a judgment was not an accident, excusable oversight, or mistake.  It was obviously a conscious decision, albeit a judicial error.  Therefore, the nunc pro tunc partial judgment terminating the parties' marriage is void.

On January 29, 2015, Magistrate Gardner also entered a partial judgment regarding the remaining issues, and he attached a Rule 54(b) certificate to that judgment.  It changed the custody provisions of the "Order Granting Motion for Expedited Hearing as to Custody," so that the children were to reside with Plaintiff rather than Defendant and Defendant would have specified visitation.  Defendant was also required to pay child support to Plaintiff, rather than the reverse.

The judgment entered on January 29, 2015, essentially restored the child custody and support provisions to those set forth in the Supplemental Order entered on April 29, 2011, but there is no provision in the judgment requiring or assuming that Plaintiff reside in Idaho in order to have primary physical custody of the children.  As far as the record reflects, she was still residing in Utah with the parties' daughter at the time the judgment was entered ordering that the children reside with her.  The judgment also provided that "[e]ach party shall bear his or her own attorney fees and costs," thereby nullifying the order entered on February 13, 2014, awarding Defendant court costs and attorney fees in the sum of $4,660.

On January 26, 2015, Plaintiff filed a "Petition for Rehearing" asking that this Court set aside the order dismissing this appeal "so that this Court can decide the very important child custody issues which this Court agreed to hear when it entered its *Order Granting Motion for Permission to Appeal to the Supreme Court* on February 10, 2014."  Because the order dismissing the appeal was not an opinion, Idaho Appellate Rule 42, which provides for petitions

for rehearing, does not apply. We are considering Plaintiff's petition as a motion for reconsideration and addressing it pursuant to Idaho Appellate Rule 48.

The invalid permissive appeal in this case was taken from the "Order Granting Motion to Dismiss" entered on August 30, 2013, and the "Order Granting Motion for Expedited Hearing as to Custody" entered on October 3, 2013. Those two orders were simply interlocutory orders because no final judgment had ever been entered in this case. The first judgment entered regarding child custody was the partial judgment entered on January 29, 2015. Based upon the partial judgment entered, the two interlocutory orders that Plaintiff sought to address in a permissive appeal are no longer in effect.

## II.
## ORDER.

Based upon the foregoing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. That the "Decree of Divorce and Judgment" entered on January 20, 2015, is vacated;

2. That the magistrate court is ordered to enter a judgment terminating the parties' marriage and restoring Plaintiff's maiden name,[3] which judgment shall be effective on the date it is entered; and

3. That Plaintiff's motion for reconsideration is denied.

Chief Justice BURDICK, Justices J. JONES, HORTON and Senior Justice Pro Tem WALTERS **CONCUR.**

---

[3] We do not hold that such an order is required in order for a party to resume using his or her given surname after a divorce. There is no law that changes a spouse's name upon marriage, but Plaintiff apparently wanted that provision in the divorce decree.