IN THE SUPREME COURT OF THE STATE OF IDAHO

Docket No. 41233

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENTAL RIGHTS OF JOHN (2013-17) DOE. | ) ) ) | Twin Falls, November 2013 Term |
| ------------------------------------------------------- | ) | 2014 Opinion No. 3 |
| IDAHO DEPARTMENT OF HEALTH & WELFARE, | ) ) | Filed: February 7, 2014 |
| | ) | |
| Petitioner-Respondent, | ) | Stephen Kenyon, Clerk |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN (2013-17) DOE, | ) | |
| | ) | |
| Respondent-Appellant. | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Ralph L. Savage, Magistrate Judge.

The judgment of the magistrate court terminating Doe's parental rights is <u>vacated</u> and the case is <u>remanded</u> for further proceedings on IDHW's petition for termination.

Bonneville County Public Defender's Office, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

_____

ON THE BRIEFS

HORTON, Justice.

This appeal arises from a termination of parental rights based on a Consent in Abeyance (Consent). The Idaho Department of Health and Welfare (IDHW) filed a Petition for the Termination of Parental Rights after a prolonged child protection proceeding involving John Doe and his two children, S.M. and C.M. In the Consent, Doe agreed to the conditional termination of his parental rights in exchange for the magistrate court vacating the hearing set on the termination petition and having his children returned to his care on an extended home visit. Doe was subsequently arrested and the magistrate court entered a judgment terminating Doe's

1

parental rights to both children on the grounds that Doe had signed the Consent and failed to substantially comply with its terms. Doe timely appealed. We vacate the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Doe is the father of two children, S.M., born in 2008, whose mother is Jane Doe I, and C.M., born in 2011, whose mother is Jane Doe II. The termination action arises from a child protection case that began in regard to S.M in May 2010, at which time S.M. was placed under the protective supervision of IDHW. S.M. lived in and out of foster care until July 2011, at which time the court authorized an extended home visit for S.M. in the home of Doe and Jane Doe II. In April 2012, Doe and Jane Doe II were arrested for probation violations. Both S.M. and C.M. were removed from the home and both children alternated between living with Doe and Jane Doe II and foster care placements through January of 2013.

IDHW filed a Petition to Terminate the Parental Rights of Doe as to both S.M. and C.M on January 9, 2013, alleging abandonment, neglect, and abuse. Petitions to terminate parental rights were also filed against Jane Doe I and II, however, neither is a party to this appeal.

The magistrate court directed the parties to engage in a settlement conference. As a result of negotiations, on March 18, 2013, Doe appeared before the magistrate judge and executed the Consent. The Consent provided, in pertinent part, as follows:

> I understand that, upon my signing this consent, IDHW will (1) request that the termination trial set for April 22-24, 2013, be vacated, (2) withdraw its motion to suspend reunification efforts pursuant to Rule 41(j) of the Idaho Juvenile Rules (IJR) and request that the resulting order suspending reunification efforts be rescinded, and (3) request authorization to immediately commence an extended home visit, in accordance with IJR 42.
>
> ***
>
> *I agree to sign this consent with the understanding that it will be held in abeyance until the child protection case is dismissed, at which time the consent will also be dismissed,* or until the court finds that I have failed to substantially comply with the tasks pertaining to me in the court orders and case plans listed above, at which time the consent shall be implemented by the court, or until a hearing is held on the petition to terminate my parental rights.
>
> *I agree that this consent will only be implemented if the court finds that I have not substantially complied with the requirements set forth in the case plans and court orders* of the child protection case. To the extent noncompliance is alleged, the court may sua sponte make its determination, following a hearing, that I have failed to comply, or in the alternative, IDHW and/or the guardian ad litem may bring a motion in which allegations of noncompliance are raised. I understand that the determination of whether this consent is implemented shall rest with the court, and that such determination shall not be made until a hearing

2

on the allegations of noncompliance has occurred. I agree that IDHW and/or the guardian ad litem will need to prove by a preponderance of the evidence or the court will need to find by a preponderance of the evidence that I have failed to substantially comply with all of the tasks in the case plans and the requirements set forth in the court orders from the period of time commencing on the date I sign this consent.

*If the court determines, following a hearing, that I have failed to substantially comply with the tasks in the case plans and the requirements in the court orders, I agree that termination of my parental rights will be in the best interest of my children.* I agree that being arrested and incarcerated ~~would~~ may be a substantial violation of the requirements pertaining to this agreement. I also agree that positive urinalysis results would be a substantial violation.

In exchange for the benefits set forth herein, by signing this consent I hereby agree that IDHW has exercised reasonable efforts to reunify me with my children throughout the life of this child protection case, and I waive any requirement that may have existed that would have required IDHW to prove that such reasonable efforts were satisfied.

I understand that, absent allegations of noncompliance, this consent shall be vacated when the child protection case is dismissed.

I also agree and understand that *if the court determines*, following a hearing, *that I have not been in substantial compliance* with the tasks and requirements of the case plans and court orders from now until a hearing on the allegations, that *the court will accept this consent and issue a termination decree and judgment.*

I also understand that if I fail to comply in minor respects with the tasks and requirements of the court orders and case plans to such an extent that dismissal of the child protection case does not occur but such noncompliance is found by the court or deemed by IDHW to be insufficient for the court to implement this consent, a hearing on the petition to terminate my parental rights nevertheless is not barred by this agreement.

*Subject to the aforementioned conditions of this abeyance*, i.e. if the court determines upon motion or sua sponte*, following a hearing, that I have failed to substantially comply with all of the tasks and requirements of the case plans and court orders in this child protection case, *I do hereby give my full and free consent to the complete and absolute termination of my parental rights* to the said children, hereby relinquishing completely and forever, all legal rights, privileges, duties and obligations, including all rights of inheritance to and from the said children, and I do hereby expressly waive my right to hearing on the petition to terminate my parental relationship with respect to the said children, and respectfully request the petition be granted.

I do hereby state that I have had explained to me the meaning of termination proceedings and that all of my legal rights to the said children of whatsoever kind and nature, and specifically including the right to the care, custody, and control of said children or any rights of inheritance, are hereby relinquished and waived. *Subject to the aforementioned abeyance, I do further waive all notice of hearing for filing of said termination* or any further

proceedings in this matter, and I do waive my right to appeal the court's determination regarding my noncompliance and my right to appeal the resulting decree and judgment stemming from said termination.

*Subject to the consent in abeyance contained herein, I do, therefore, petition* the above-entitled court to terminate my parental rights to [S.M.] and [C.M.], and do state that it is my belief that such action is in the best interest of my children.

(Emphasis added).

Based upon Doe's execution of the Consent, the court vacated the scheduled termination trial and granted Doe and Jane Doe II a 90 day home visit with S.M. and C.M. Approximately three weeks later, Doe was arrested for alleged violations of his probation. The children were removed from the home on April 10, 2013. IDHW filed its Motion to Implement Consents in Abeyance on April 16, 2013. A hearing on IDHW's motion began on May 13, 2013, but was not completed.

Following the hearing, Doe's attorney sought to withdraw from the case. On June 12, 2013, the court granted Doe's attorney's Motion to Withdraw.[1] On July 3, 2013, twenty-one days after the order permitting Doe's attorney to withdraw, the magistrate court entered a final judgment in favor of IDHW, terminating Doe's parental right to his children. In a companion order, the court simply stated that the termination of Doe's parental rights was "justified on the grounds that said father did sign a consent in abeyance, and due to his failure to substantially comply with the requirements set forth therein, and due to his failure to comply with Rule 11(b)(3) of the Idaho Rules of Civil Procedure, the consent was implemented. . . ."

## II. STANDARD OF REVIEW

In general, this Court reviews a termination of parental rights "to determine whether there is substantial and competent evidence" to support the termination. *Doe v. Doe*, 149 Idaho 392, 395, 234 P.3d 716, 719 (2010) (quoting *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002)). However, whether a magistrate court correctly applied the law to the facts "is a question of law and is subject to free review by this Court." *In re Baby Boy Doe*, 127 Idaho 452, 456, 902 P.2d 477, 481 (1995).

## III. ANALYSIS

Doe argues termination of parental rights based on the Consent was improper as I.C. § 16-2005 does not authorize conditional consents to the termination of parental rights or consents

---

[1] The record does not reflect that Doe was served with the order.

4

that are held in abeyance. IDHW argues that although the Consent Doe signed was not identical to the form provided in I.C. § 16-2005(4), the additional language added by the parties was valid and the magistrate court had the authority to accept the Consent. Ultimately, we do not agree with IDHW and vacate the judgment terminating Doe's parental rights. We do so for two reasons. First, Idaho law governing termination of the parent and child relationship provides no authority for a court to accept and enforce a conditional consent to the termination of parental rights. To the contrary, a conditional consent directly conflicts with Idaho law and a termination based on such a conditional consent is invalid. Second, without valid consent, termination of parental rights under I.C. § 16-2005 must be based on grounds which are established by clear and convincing evidence. As no valid consent was obtained, nor any grounds for termination established, the judgment terminating Doe's parental rights must be vacated.

## A. This Court may consider the propriety of the Consent.

Before reaching the merits of this appeal, this Court addresses two issues raised by IDHW. IDHW moved to dismiss Doe's appeal on the grounds that Doe waived his right to appeal a termination of his parental rights in the Consent. This Court denied IDHW's motion because if the Consent is invalid, then IDHW is not entitled to enforce the provision regarding waiver of the right to appeal. Ultimately, the question of enforceability of the waiver provision goes hand in hand with the question of whether the magistrate court had the authority to accept this Consent. We decline to enforce a waiver provision contained in an invalid Consent to termination of parental rights.

IDHW also asserts that Doe failed to timely appeal the order that incorporated the Consent, arguing that Doe was required to appeal the magistrate court's acceptance of the Consent within forty-two days under I.R.C.P. 83. This is an argument regarding the scope of this Court's review, and IDHW asserts that this Court should only consider whether the magistrate court had an appropriate basis for issuing the termination decree but not consider the Consent itself.

Despite IDHW's assertions, the order entered by the magistrate court that accepted the Consent was not appealable because it was not a final order of termination. The order accepted and incorporated the Consent, vacated the hearing to terminate parental rights, rescinded the suspension of reunification efforts, and ordered a home visit. While I.R.C.P. 83 dictates that certain judgments or orders must be appealed to the district court within 42 days, this order was

5

not appealable. Under I.A.R. 11.1 and I.R.C.P. 83(a), this was not a final judgment terminating Doe's parental rights, nor a final judgment of any kind as contemplated by I.A.R. 11 as it did not grant IDHW the relief it sought. Further, there is no appeal provided by statute for an order of this type under the Child Protective Act or the Termination of Parent and Child Relationship Act. *See* I.C. §§ 16-1625; 16-2014; 16-1512. Rather, the order approving the Consent was an interlocutory order subject to review on appeal from the judgment terminating Doe's parental rights. I.A.R. 17(e)(1)(A).

**B. Idaho does not recognize conditional consent to the termination of parental rights and a termination of parental rights based on conditional consent is invalid.**

Doe argues that Chapter 20, Title 16 of the Idaho Code, governing the termination of parent and child relationships, does not authorize a consent in abeyance. More specifically, he argues that the Consent does not conform to the dictates of I.C. § 16-2005(4). IDHW argues that because I.C. § 16-2003 grants the magistrate court exclusive jurisdiction over the termination of parental rights, the court had the authority to order the parties to submit to a settlement conference and the ability to hold a consent in abeyance. IDHW also argues that the form of consent provided in I.C. § 16-2005(4) is merely a suggestion and there is no prohibition against inclusion of additional language.

If "a court has jurisdiction over the child under the child protective act, chapter 16, title 16, Idaho Code, that court shall have exclusive jurisdiction of the action to terminate parental rights." I.C. § 16-2003. The purpose of Chapter 20, Title 16 of the Idaho Code is to "[p]rovide for voluntary and involuntary severance of the parent and child relationship" and to "[p]rovide permanency for children who are under the jurisdiction of the court through the child protective act." I.C. § 16-2001(1)(a)–(b).

"Implicit in this chapter is the philosophy that wherever possible family life should be strengthened and preserved" and that the issue of termination of parental rights "is of such vital importance as to require a judicial determination in place of attempts at severance by contractual arrangements." I.C. § 16-2001(2). Setting aside for the moment the parents' interests in such proceedings, we have great concern for the instability created in the lives of children when there is uncertainty as to the efficacy of parental consent to termination of parental rights. As we have observed in the past, clear guidelines in such circumstances are necessary as uncertainty "often results in tragedy for the child." *Petition of Steve B.D.*, 111 Idaho 285, 290, 723 P.2d 829, 834

6

(1986) (quoting *Matter of Andersen*, 99 Idaho 805, 818, 589 P.2d 957, 970 (1978) (Bakes, J., dissenting)).

Termination of the parental relationship is permitted if the court finds statutory grounds for termination exist or with the consent of the parent pursuant to I.C. § 16-2005(4). Idaho Code § 16-2005(4) prescribes the formalities for voluntary termination of parental rights, providing in pertinent part:

> The court may grant an order terminating the [parent-child] relationship where a consent to termination in the manner and form prescribed by this chapter has been filed by the parent(s) of the child in conjunction with a petition for adoption initiated by the person or persons proposing to adopt the child . . . no subsequent hearing on the merits of the petition shall be held. Consents required by this chapter must be witnessed by a district judge or magistrate of a district court.

The statute continues that the consent "shall be substantially in the following form" and provides an example. *Id.* The form provided in the statute states:

> I (we), the undersigned, being the ... of ..., do hereby give my (our) full and free consent to the complete and absolute termination of my (our) parental right(s), to the said ..., who was born ..., ..., unto ..., hereby relinquishing completely and forever, all legal rights, privileges, duties and obligations, including all rights of inheritance to and from the said ..., and I (we) do hereby expressly waive my (our) right(s) to hearing on the petition to terminate my (our) parental relationship with the said ..., and respectfully request the petition be granted.

I.C. § 16-2005(4). When a document is to be "substantially" in a certain form, this Court requires substantial compliance with the statute. *See Farm Bureau Fin. Co., Inc. v. Carney*, 100 Idaho 745, 749, 605 P.2d 509, 513 (1980). Generally, substantial compliance does not require absolute conformity with the form prescribed in the statute, but does require a good faith attempt to comply, and that the general purpose detailed in the statute is accomplished. Black's Law Dictionary 1566 (9th ed. 2009).

Under I.C. § 16-2005(4), the critical requirement for voluntary consent to termination is that the parent gives "full and free consent to the complete and absolute termination" of parental rights. The requirement that "free" consent is given means the consent is given "by choice, rather than by compulsion or constraint."[2] Black's Law Dictionary 734 (9th ed. 2009). "Complete"

---

[2] The proceedings at the time of the execution of the Consent suggests the existence of compulsion and constraint:

indicates that the termination must be of the entirety of the parent-child relationship. "Absolute" means "[f]ree from restriction, qualification, or condition." *Id.* at 7. "Termination" means the parent is divested of "*all* legal rights, privileges, duties, and obligations." I.C. § 16-2011 (emphasis added). Consistent with these principles, this Court has previously decided that a conditional consent to termination of parental rights renders a termination order invalid. *In re Baby Boy Doe*, 127 Idaho 452, 456–57, 902 P.2d 477, 481–82 (1995).

As noted previously, the purported Consent was unambiguously conditional: "Subject to the aforementioned conditions of this abeyance, … I do hereby give my full and free consent to the complete and absolute termination of my parental rights…" We hold that this is not a valid consent to the termination of parental rights. Doe agreed to termination of his parental rights subject to at least three explicit conditions, one of which was having his children returned to his care and control. This is the antithesis of consent to the absolute and complete termination of the parent-child relationship. As Doe's consent to termination was held in abeyance, it was neither absolute nor complete.

Although IDHW characterizes this as a tool to motivate parents, neither the Department nor the courts are free to ignore the requirements of Idaho law. Thus, although IDHW is correct that a consent to termination of parental rights need not take the precise form of the example provided in I.C. § 16-2005(4), the Consent was not "substantially" in the form required by statute. It utterly failed to accomplish the purpose of I.C. § 16-2005(4), which is voluntary consent to the absolute and complete termination of the parental relationship. Accordingly, we hold that the magistrate erred by terminating Doe's parental rights on the basis of consent.

## C. The magistrate erred by involuntarily terminating Doe's parental rights without a showing by clear and convincing evidence of grounds for termination under I.C. § 16-2005(1).

There are two methods of terminating parental rights, the first being voluntary by way of consent. I.C. § 16-2005(4). The second method is involuntary termination which requires the

---

Q [by Doe's attorney]: Now we just mentioned to the Court you're on Social Security Disability for some of the diagnoses of mental retardation. Do you have the ability to understand this consent?
A: Yes.
Q: To the best of your knowledge?
A: To the best of my knowledge, yes. I just want my kids back.
Q: Okay.
A: I'm willing to do anything I have to do to get my kids back, stand on my foot on one leg and try to balance as best I can.
Q: Okay, well they just want you to sign this consent, I think.

court find that termination is in the child's best interest and that at least one statutory condition, such as abandonment, exists. I.C. § 16-2005(1). Idaho Code § 16-2005(5) provides that unless a valid consent is executed, "the court shall hold a hearing."

Parents have a fundamental right to maintain a familial relationship, and to the "custody, care and control" of their children; this right is protected by the Fourteenth Amendment. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006) (quoting *In re Bush*, 113 Idaho 873, 875, 749 P.2d 492, 494 (1988)). Because a fundamental liberty interest is at stake, if a hearing is conducted, the grounds for involuntary termination of parental rights must be shown by clear and convincing evidence. *Doe v. Doe*, 148 Idaho 243, 246, 220 P.3d 1062, 1065 (2009); *see also* I.C. § 16-2005(5). Thus, I.C. § 16-2009 directs that the "court's finding with respect to grounds for termination shall be based upon clear and convincing evidence under rules applicable to the trial of civil causes."

Here, the Consent included the following language regarding the burden of proof:

> I understand that the determination of whether this consent is implemented shall rest with the court, and that such determination shall not be made until a hearing on the allegations of noncompliance has occurred. I agree that IDHW . . . will need to prove by a preponderance of the evidence or the court will need to find by a preponderance of the evidence that I have failed to substantially comply with all of the tasks in the case plans and the requirements set forth in the court orders.

The magistrate court held a hearing on May 13, 2013, where it heard testimony and reviewed evidence regarding Doe's compliance.[3] Although the hearing was not completed, the magistrate court later found that Doe had "failed to substantially comply with the requirements set forth in the consent in abeyance" which justified the subsequent termination of parental rights.

The hearing on May 13, 2013 was, in a practical sense, a termination hearing because a finding of noncompliance led to the implementation of the Consent and termination of Doe's rights. At the hearing, when confronted with what exactly was taking place, the magistrate judge stated, "I think the issue here is whether or not the contractual consent in abeyance should be executed, so it's–and it's similar as a contract."[4]

---

[3] Doe was not present for the hearing. His attorney informed the court that Doe had believed the hearing was scheduled for the following day and that Doe lacked transportation to court.

[4] We note again that, "[i]mplicit in this chapter is the philosophy that wherever possible family life should be strengthened and preserved and that *the issue of severing the parent and child relationship is of such vital importance as to require a judicial determination in place of attempts at severance by contractual arrangements*, express or implied, for the surrender and relinquishment of children." I.C. § 16-2001 (emphasis added).

The Consent created an involuntary termination procedure disguised as a "substantial compliance" hearing in which the decision whether to terminate Doe's parental rights was based upon a reduced burden of proof. Because this was an involuntary termination of parental rights under I.C. § 16-2005, the magistrate court was required to comply with the statutory hearing requirements of I.C. §16-2009.

The next issue becomes whether Doe nonetheless waived his right to this heightened standard. It is true that a party may waive constitutional or statutory rights. *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994). Indeed, this is reflected in the voluntary consent procedures of I.C. § 16-2005(4). Generally, "parties may not, by agreement, 'waive or abrogate the requirements of statutes or rules of trial or appellate courts adopted to promote the expeditious and orderly hearing of causes; nor can the parties by stipulation require the court to do something which is not within its power.' " *Clow v. Bd. of Cnty. Comm'rs of Payette Cnty.*, 105 Idaho 714, 717, 672 P.2d 1044, 1047 (1983) (quoting 83 C.J.S. *Stipulations* § 10 a. (1953)). In the absence of valid consent, "grounds for termination *shall* be based upon clear and convincing evidence." I.C. § 16-2009 (emphasis added). We hold that the parties could not stipulate to a hearing which involuntarily terminated Doe's parental rights upon a reduced evidentiary standard.

In the absence of a finding that clear and convincing evidence demonstrated grounds for terminating Doe's parental rights under I.C. § 16-2005(1), we vacate the judgment of the magistrate court. Accordingly, we need not address Doe's additional arguments on appeal that the Consent was obtained by overreaching and undue influence and that the court improperly entered default judgment.

## IV. CONCLUSION

We vacate the judgment of the magistrate court terminating Doe's parental rights to S.M. and C.M. We remand for further proceedings on IDHW's petition for termination. We award costs on appeal to Doe.

Chief Justice BURDICK, Justices EISMANN, J. JONES and Justice Pro Tem SCHROEDER, **CONCUR**.

10