IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 42596

| | | |
|---|---|---|
| VICTORIA H. SMITH, by and through her attorney in fact, Vernon K. Smith, by and through his Durable and Irrevocable Power of Attorney, | ) ) ) ) ) | |
| Plaintiff-Appellant-Cross Respondent, | ) ) | Boise, August 2016 Term |
| v. | ) ) | 2016 Opinion No. 128 |
| TREASURE VALLEY SEED COMPANY, LLC, and DON TOLMIE, in his individual capacity, and as owner, representative and authorized agent of Treasure Valley Seed Co., LLC, | ) ) ) ) ) ) ) | Filed: November 3, 2016<br><br>Stephen W. Kenyon, Clerk |
| Defendants-Respondents-Cross Appellants. | ) ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

District court award of attorney fees, vacated and remanded.

Law Office of Vernon K. Smith, Boise, for appellant. Vernon K. Smith argued.

Eismann Law Offices, Nampa, for respondents. Ryan L. Martinat argued.

---

BURDICK, Justice

Vernon K. Smith appeals the district court's award of attorney fees to Treasure Valley Seed Company, LLC and its owner Don Tolmie (collectively TVSC). Because we conclude the district court erred in fashioning the award of attorney fees under Idaho Code section 12–121, we vacate and remand.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a contract for the sale of lima beans between Victoria H. Smith and TVSC. On December 13, 2013, Victoria's son, Vernon K. Smith, filed a complaint against TVSC. The complaint alleged claims for breach of the lima beans contract. As plaintiff, the

1

complaint named "VICTORIA H. SMITH, by and through her attorney in fact, Vernon K. Smith, by and through his Durable and Irrevocable Power of Attorney."

On March 3, 2014, TVSC learned Victoria had died on September 11, 2013—roughly three months before the complaint was filed. TVSC then moved to dismiss the complaint, contending there was no real party in interest. Vernon responded and argued he was the real party in interest because of his durable and irrevocable power of attorney. The district court concluded Vernon's power of attorney had terminated at Victoria's death. Further, the district court reasoned that because no personal representative had been appointed through probate, there was no real party in interest. Accordingly, the district court granted TVSC's motion to dismiss.

TVSC filed a timely memorandum of costs and requested attorney fees under Idaho Code section 12–120(3), Idaho Code section 12–121, and Idaho Rule of Civil Procedure 11(a)(1). At the hearing, the district court reiterated that it granted TVSC's motion to dismiss because Vernon's power of attorney had terminated at Victoria's death. The district court further reiterated that Victoria's estate should have brought the action, but because no probate had been filed, there was no real party in interest to substitute or join. Although the district court indicated the case was not necessarily frivolous and may present "a genuine dispute of some variety," the district court found that the complaint was unreasonable and without foundation. Thus, the district court awarded attorney fees to TVSC under Idaho Code section 12–121. The district court assessed the attorney fees jointly and severally against Victoria and Vernon, as counsel.

Initially, Vernon sought to appeal both the dismissal of the case and the award of attorney fees, but his appeal of the dismissal of the case was not timely filed. We therefore address only Vernon's appeal of the award of attorney fees.

## II.     ISSUES ON APPEAL

1.     Is there a real party in interest for this appeal?

2.     Did the district court err in fashioning the award of attorney fees under Idaho Code section 12–121?

3.     Is TVSC entitled to attorney fees on appeal?

## III.     STANDARD OF REVIEW

"An award of attorney fees pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1) will not be disturbed absent an abuse of discretion." *Idaho Military Historical Soc'y, Inc. v. Maslen*, 156 Idaho 624, 629, 329 P.3d 1072, 1077 (2013). However, "the application of [a] procedural rule is

a question of law on which we exercise free review." *Zenner v. Holcomb*, 147 Idaho 444, 450, 210 P.3d 552, 558 (2009).

## IV.    ANALYSIS

### A.    Is there a real party in interest for this appeal?

We address as a preliminary matter whether there is a real party in interest for this appeal. TVSC contends this appeal should be dismissed because Victoria is deceased, and consequently, there is no real party in interest for this appeal. We disagree.

On the one hand, TVSC correctly argues there is no real party in interest to appeal the dismissal of the case. Idaho Rule of Civil Procedure 17(a) requires that actions be prosecuted in "the name of the real party in interest." An exception permits "a party authorized by statute" to sue in that capacity without joining the real party interest. I.R.C.P. 17(a)(1)(H). Vernon contends he is authorized to sue on Victoria's behalf, citing his power of attorney. We are not persuaded. A power of attorney terminates once the principal dies.[1] I.C. § 15–12–110(1)(a). Vernon's power of attorney, therefore, terminated at Victoria's death—roughly three months before the complaint was filed. Even if Vernon had timely appealed the dismissal of the case, there would be no real party in interest for that issue.

On the other hand, TVSC incorrectly argues Victoria's death affects whether there is a real party in interest to appeal the award of attorney fees. Idaho Appellate Rule 4 allows a "party aggrieved" by a judgment to file an appeal. We have long defined a party aggrieved "as any person injuriously affected by the judgment." *Roosma v. Moots*, 62 Idaho 450, 455, 112 P.2d 1000, 1002 (1941) (citing *In re Blades*, 59 Idaho 682, 684, 86 P.2d 737, 738 (1939)). Because the district court assessed attorney fees jointly and severally against Victoria and Vernon, Vernon is an aggrieved party entitled to appeal the award of attorney fees. We conclude there is a real party in interest for this appeal.

Our dissenting colleagues maintain that dismissal is proper because the Notice of Appeal is insufficient under Idaho Appellate Rule 17. That rule requires a notice of appeal to "contain substantially" the information designated therein, including the appellant's identity. I.A.R. 17(d). The dissent notes that the Notice of Appeal does not identify Vernon as appellant, but rather

---

[1] At oral argument, Vernon contended Victoria's death did not terminate his power of attorney because his power of attorney was coupled with an interest. *See* I.C. § 15-12-103(1). Because Vernon did not raise that argument below, we will not address it on appeal. *See, e.g.*, *Obenchain v. McAlvain Const., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006) ("[A]ppellate courts will not consider new arguments raised for the first time on appeal.").

3

states Victoria H. Smith, "acting through Vernon K. Smith, at the time the cause of action arose, through his Durable and Irrevocable Power of Attorney, does appeal against the above-named respondents to the Idaho Supreme Court from that Judgment awarding attorney fees and costs in the above entitled action, as entered on August 28, 2014 . . . ." According to the dissent, the Notice of Appeal is insufficient because TVSC "had no way of knowing that [Vernon] was appealing on his own behalf."

We disagree. As the dissent acknowledges, Idaho Appellate Rule 17 requires only substantial compliance. "Generally, substantial compliance does not require absolute conformity with the form prescribed in the statute, but does require a good faith attempt to comply, and that the general purpose detailed in the statute is accomplished." *In re Doe*, 155 Idaho 896, 901, 318 P.3d 886, 891 (2014) (citation omitted). In this case, we conclude the Notice of Appeal substantially complies with Idaho Appellate Rule 17 because it identifies the parties and the attorney involved, and the issue raised. The Notice of Appeal clearly states one issue is raised: "Was the award of attorney fees and costs, as entered by the court, supported in fact, and law under the Statutes and Rules of Procedure in Idaho." Contrary to the dissent's position, the Notice of Appeal is sufficient because it represents a good faith attempt to comply with Idaho Appellate Rule 17 and, therefore, accomplishes the purposes of the rule—putting TVSC on notice of the issues raised on appeal.

Because we conclude there is a real party in interest and the Notice of Appeal is sufficient, this appeal is not subject to dismissal.

**B.    Did the district court err in fashioning the award of attorney fees under Idaho Code section 12–121?**

We next address the district court's award of attorney fees. We begin by deciding whether the district court erred by awarding attorney fees under Idaho Code section 12–121 without making written findings, as required under Idaho Rule of Civil Procedure 54(e)(2). "We have, in the past, applied rules of statutory construction in the interpretation of our rules of civil procedure." *Obendorf v. Terra Hug Spray Co., Inc.*, 145 Idaho 892, 900, 188 P.3d 834, 842 (2008). Idaho Rule of Civil Procedure 54(e)(2) provides: "Whenever the court awards attorney fees pursuant to section 12–121, Idaho Code, *it shall make a written finding*, either in the award or in a separate document, as to the basis and reasons for awarding such attorney fees." (emphasis added). Clearly, the plain text of Rule 54(e)(2) unambiguously requires written findings for an award of attorney fees.

4

Even so, the absence of written findings does not constitute reversible error. The written findings requirement serves to create a clear record, "so that it might be determined whether the trial court applied the proper law to the appropriate facts." *See Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982). In this case, the purpose of the written findings requirement is met because the transcript clearly illustrates the district court's reasoning and the basis for the award of attorney fees. The district court reasoned that attorney fees were proper because the complaint was unreasonable and without foundation. For example, the district court explained that "a power of attorney simply does not and cannot survive the grantor. That's just so fundamental that it is hard to find even authority that says so." The transcript, therefore, creates a clear record, illustrates the district court's reasoning and the basis for the award of attorney fees, and meets the purpose of the written findings requirement. Accordingly, the absence of written findings in this case does not constitute reversible error because it does not affect Vernon's substantial rights. *See* I.R.C.P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

However, we hold that the district court committed reversible error by assessing attorney fees jointly and severally against Victoria and Vernon, as counsel. The district court awarded attorney fees under Idaho code section 12–121, which provides:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees. The term "party" or "parties" is defined to include any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

Nothing in Idaho Code section 12–121 permits attorney fees to be assessed against counsel. In contrast, Idaho Code section 12–123(d) specifically permits attorney fees to be assessed against counsel under certain circumstances, as it states: "An award of reasonable attorney's fees pursuant to this section may be made against a party, his counsel of record, or both." Similarly, Idaho Rule of Civil Procedure 11(a)(1) permits attorney fees to be assessed "upon the person who signed" a frivolous filing.[2] Therefore, we conclude the Legislature intended that Idaho Code

---

[2] Although the district court recognized Idaho Rule of Civil Procedure 11 permits attorney fees assessed against counsel, the district court erred in its Rule 11 analysis. The transcript indicates the district court declined to award attorney fees under Rule 11 because Vernon never received notice and an opportunity to respond. However, Rule 11 did not require notice and an opportunity to respond at the time of the hearing. The district court held the attorney

section 12–121 not authorize an award of attorney fees assessed against counsel. *See, e.g.*, *City of Sandpoint v. Sandpoint Indep. Highway Dist.*, 139 Idaho 65, 69, 72 P.3d 905, 909 (2003) ("Where a statute with respect to one subject contains a certain provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed.").

We vacate the district court's award of attorney fees. We remand this case to the district court for further proceedings consistent with this opinion, which in no way limits the district court from considering all legal bases for awarding attorney fees.

## C.     Is TVSC entitled to attorney fees on appeal?

TVSC seeks attorney fees on appeal under Idaho Code section 12–121. "Under I.C. § 12–121, attorney fees are awarded to the prevailing party if the court is left with the belief that the proceeding was brought, pursued or defended frivolously, unreasonably, or without foundation." *Harris v. State, ex rel. Kempthorne*, 147 Idaho 401, 406, 210 P.3d 86, 91 (2009). TVSC is not the prevailing party on appeal. Vernon does not request attorney fees on appeal. Therefore, neither side will be awarded attorney fees on appeal.

## V.     CONCLUSION

We vacate the district court's award of attorney fees to TVSC and remand for further proceedings consistent with this opinion.

Chief Justice J. JONES and Justice HORTON **CONCUR.**

 Justice W. JONES, dissenting:

I respectfully dissent from the majority's holding that Vernon Smith (referred to by the majority as "Vernon") is an appellant for purposes of this appeal. Vernon is not named as an appealing party in the notice of appeal. The only person referred to as an appellant in the notice of appeal is Victoria Smith, and even she is not explicitly named as an appellant. Rather, she is named as a plaintiff, but referred to as an appellant. Nonetheless, Vernon is only mentioned as "attorney in fact . . . by and through his Durable and Irrevocable Power of Attorney." As noted by the majority, Vernon's power of attorney terminated upon Victoria's death, which occurred several months before the complaint was filed.[3] Additionally, the argument that Vernon and

---

fee hearing on July 28, 2014. But the amendment requiring notice and an opportunity to respond under Rule 11 did not become effective until July 1, 2016.

[3] It is worth noting that Victoria is not an appellant to this appeal because she is deceased. Her estate could have appealed, but such action was not taken.

Victoria are both appellants is unavailing because throughout the notice of appeal "appellant" is used in the singular form. The bottom line is that there is absolutely no appellant in this case. Vernon did not even sign the notice of appeal as an appellant. His signature is only as "<u>Attorney for Appellant</u>." (Emphasis added).

Idaho Appellate Rule 4 provides that any party aggrieved by an appealable judgment may appeal such decision to this Court. However, Rule 4 merely outlines which persons may appeal. Those persons must still substantially comply with notice of appeal requirements. Accordingly, the majority and I agree that Vernon could appeal the district court's award of attorney's fees—which were levied against him personally—under Rule 4. The majority and I differ, however, as to whether or not Vernon actually succeeded in filing an appeal—in his personal capacity—with respect to the district court's award of attorney's fees.

Idaho Appellate Rule 17 provides that a notice of appeal "shall contain substantially the following information." I.A.R. 17. The name of the appealing party is among the required information. I.A.R. 17(d). Here, Vernon may have intended to appeal the award of attorney's fees levied against him personally; yet, the notice of appeal only states: "The above-named Appellant[4], acting through Vernon K. Smith, at the time the cause of action arose, <u>through</u> his Durable and Irrevocable <u>Power of Attorney</u>, does appeal . . . ." (Emphasis added). The notice of appeal is signed by "Vernon K. Smith <u>Attorney for Appellant.</u>" (Emphasis added). Vernon is only identified as the attorney for the appellant. He is never personally named as an appellant, and he never signed the notice of appeal as an appellant. I cannot see how anyone could read the notice of appeal and conclude that Vernon is an appellant.

I recognize that Idaho Appellate Rule 17 does not require strict compliance: "A notice of appeal shall contain <u>substantially</u> the following information." I.A.R. 17 (emphasis added). However, the presence of the qualifier "substantially" does not lower the bar such that any and all deficiencies must be overlooked. In fact, substantial compliance still requires "a good faith attempt to comply, and that the general purpose detailed in the statute is accomplished." *In re Doe (2013-17)*, 155 Idaho 896, 901, 318 P.3d 886, 891 (2014). It stands to reason that substantial compliance, at the very least, requires the name of the appellant. After all, the purpose of the notice statute is to inform opposing parties of the judgments on appeal in order to

---

[4] In the notice of appeal, Victoria Smith is not named as the appellant. She is only named as plaintiff.

allow them a full and fair opportunity to represent their own legal interests. In this instance, because Vernon did not identify himself as an appellant—or sign as an appellant—TVSC had no way of knowing that he was appealing on his own behalf. The notice of appeal was insufficient to accomplish the general purpose of Appellate Rule 17 because it omitted arguably the most important piece of information that it was required to contain: the identity of the appellant.

In sum, this appeal was not properly filed because Vernon did not substantially comply with Appellate Rule 17. The majority fails to explain how the notice of appeal can substantially comply with Appellate Rule 17 without naming Vernon as an appellant. In my opinion, there is no real party in interest—in fact, there is no person at all—appealing the judgment of the district court. Victoria Smith is deceased, and Vernon, according to the notice of appeal, merely exists as an attorney pursuant to a void power of attorney. Accordingly, it was improper for this Court to consider the appeal. I would summarily dismiss the appeal and award TVSC attorney's fees on appeal for having to waste its time and effort to respond to the alleged appeal.

KIDWELL, Justice Pro tem, concurs.