*112 Justice W. JONES,
dissenting:
I respectfully dissent from the majority’s holding that Vernon Smith (referred to by the majority as “Vernon”) is an appellant for purposes of this appeal. Vernon is not named as an appealing party in the notice of appeal. The only person referred to as an appellant in the notice of appeal is Victoria Smith, and even she is not explicitly named as an appellant. Rather, she is named as a plaintiff, but referred to as an appellant. Nonetheless, Vernon is only mentioned as “attorney in fact ... by and through his Durable and Irrevocable Power of Attorney.” As noted by the majority, Vernon’s power of attorney terminated upon Victoria’s death, which occurred several months before the complaint was filed.[3] Additionally, the argument that Vernon and Victoria are both appellants is unavailing because throughout the notice of appeal “appellant” is used in the singular form. The bottom line is that there is absolutely no appellant in this case. Vernon did not even sign the notice of appeal as an appellant. His signature is only as “Attorney for Appellant.” (Emphasis added).
Idaho Appellate Rule 4 provides that any party aggrieved by an appealable judgment may appeal such decision to this Court, However, Rule 4 merely outlines which persons may appeal. Those persons must still substantially comply with notice of appeal requirements. Accordingly, the majority and I agree that Vernon could appeal the district court’s award of attorney’s fees—which were levied against him personally—under Rule 4. The majority and I differ, however, as to whether or not Vernon actually succeeded in filing an appeal—in his personal capacity— with respect to the district court’s award of attorney’s fees.
Idaho Appellate Rule 17 provides that a notice of appeal “shall contain substantially the following information.” I.A.R. 17. The name of the appealing party is among the required information. I.A.R. 17(d). Here, Vernon may have intended to appeal the award of attorney’s fees levied against him personally; yet, the notice of appeal only states: “The above-named Appellant[4], acting through Vernon K, Smith, at the time the cause of action arose, through his Durable and Irrevocable Power of Attorney, does appeal ...(Emphasis added). The notice of appeal is signed by “Vernon K. Smith Attorney for Appellant.” (Emphasis added). Vernon is only identified as the attorney for the appellant. He is never personally named as an appellant, and he never signed the notice of appeal as an appellant. I cannot see how anyone could read the notice of appeal and conclude that Vernon is an appellant.
I recognize that Idaho Appellate Rule 17 does not require strict compliance: “A notice of appeal shall contain substantially the following information.” I.A.R. 17 (emphasis added). However, the presence of the qualifier “substantially” does not lower the bar such that any and all deficiencies must be overlooked. In fact, substantial compliance still requires “a good faith attempt to comply, and that the general purpose detailed in the statute is accomplished.” In re Doe (2013-17), 155 Idaho 896, 901, 318 P.3d 886, 891 (2014). It stands to reason that substantial compliance, at the very least, requires the name of the appellant. After all, the purpose of the notice statute is to inform opposing parties of the judgments on appeal in order to allow them a full and fair opportunity to represent them own legal interests. In this instance, because Vernon did not identify himself as an appellant—or sign as an appellant—TVSC had no way of knowing that he was appealing on his own behalf. The notice of appeal was insufficient to accomplish the general purpose of Appellate Rule 17 because it omitted arguably the most important piece of information that it was required to contain: the identity of the appellant.
In sum, this appeal was not properly filed because Vernon did not substantially comply with Appellate Rule 17. The majority fails to explain how the notice of appeal can substantially comply with Appellate Rule 17 without *113 naming Vernon as an appellant. In my opinion, there is no real party in interest—in fact, there is no person at all—appealing the judgment of the district court. Victoria Smith is deceased, and Vernon, according to the notice of appeal, merely exists as an attorney pursuant to a void power of attorney. Accordingly, it was improper for this Court to consider the appeal. I would summarily dismiss the appeal and award TVSC attorney’s fees on appeal for having to waste its time and effort to respond to the alleged appeal.
KIDWELL, Justice Pro tern, concurs.

. It is worth noting that Victoria is not an appellant to this appeal because she is deceased. Her estate could have appealed, but such action was not taken.

. In the notice of appeal, Victoria Smith is not named as the appellant. She is only named as plaintiff,