# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45020

| | | |
|---|---|---|
| In the Matter of: | ) | |
| JANE DOE and JOHN DOE (2017-16), | ) | |
| Children Under Eighteen (18) Years of Age. | ) | |
| --------------------------------------------------------- | ) | |
| IDAHO DEPARTMENT OF HEALTH AND | ) | Boise, September 2017 Term |
| WELFARE, GUARDIAN AD LITEM, | ) | |
| IDAHO COUNTY PROSECUTING | ) | 2018 Opinion No. 39 |
| ATTORNEY and JOHN DOE, | ) | |
| | ) | Filed: April 24, 2018 |
| Petitioners-Appellants, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | |
| JOHN DOE I and JANE DOE I, husband and | ) | |
| wife, | ) | |
| | ) | |
| Respondents. | ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, Idaho County, Hon. Jeff P. Payne, Magistrate Judge.

The orders of the magistrate court are vacated and remanded.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant Idaho Department of Health and Welfare. Marcy J. Spilker argued.

Idaho County Prosecuting Attorney, Grangeville, for appellant Idaho County Prosecuting Attorney. Kirk A. MacGregor argued.

Law Office of Summer A. Emmert, P.C., Cottonwood, for appellant John Doe. Summer A. Emmert argued.

Jessup Law, PLLC, Grangeville, for appellant Guardian Ad Litem. Matthew L. Jessup argued.

Jones, Brower & Callery, PLLC, Lewiston, for respondents. Karin R. Seubert argued.

_____

HORTON, Justice.

1

The Idaho Department of Health and Welfare (the Department), the guardian ad litem, a minor child (L.P.), and the Idaho County prosecuting attorney appeal several orders entered by the magistrate court in a post-termination Child Protection Act (CPA) case. Following termination of the parents' rights to L.P. and his younger half-sister, E.P, the court appointed the Department as the children's guardian. The Department placed the children with Jane Doe, E.P.'s paternal grandmother, and her husband. After the latest permanency hearing, the magistrate court refused to allow the Department to modify the permanency plan for E.P., revoked the Department's guardianship for E.P, and gave direction regarding contact and visitation for E.P. This appeal challenges these orders.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

L.P. and E.P. are half-siblings who lived with their maternal grandmother until her sudden death on March 31, 2014. The Department filed a petition for custody of the children under the CPA and placed both children in the home of the Does, E.P.'s paternal grandmother and step-grandfather. The Department submitted a permanency plan identifying the goal of termination of parental rights and adoption by relative. Early in 2015, the magistrate court approved the permanency plan. After several months of tension between the Does and L.P., the Department acceded to the Does' request that L.P. be removed from their home. The Department did not inform the magistrate court of the change in circumstances for several months. Following a trial on issues of neglect, abandonment, and consent, the magistrate entered an order terminating the parental rights to both children. On September 4, 2015, the Department was designated as guardian of both children.

In November of 2015, the Does moved to intervene in the CPA case. The magistrate judge denied the motion. The court then entered an order prohibiting the Department from removing E.P. from the Does' home without court approval. On January 8, 2016, the Department filed a report and an expert's sibling assessment that concluded the children should be placed together because of the strong attachment between them. In September 2016, the Department filed a post-termination permanency plan that requested a change in the permanency goal from adoption by relative to adoption by non-relative. Due to factual deficiencies, the magistrate judge rejected that amended permanency plan. In January 2017, the Department filed a second amended permanency plan that sought to move forward with adoption of both children by L.P.'s non-relative foster parents. After a comprehensive review of the case, the magistrate court

rejected the amended permanency plan with regard to E.P. but approved it with regard to L.P., removed the Department as guardian of E.P., and appointed Jane Doe as E.P.'s guardian. This Court granted the appellants' motion for permissive appeal.

## II. STANDARD OF REVIEW

This Court exercises free review over questions of law and matters of statutory interpretation. *Guzman v. Piercy*, 155 Idaho 928, 934, 318 P.3d 918, 924 (2014). We review the discretionary decisions of a trial court for abuse of discretion. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). Under this standard:

> [T]his Court asks first whether the magistrate court correctly perceived the . . . issue as one of discretion; then whether the magistrate court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to the court; and finally, whether the magistrate court reached its decision by an exercise of reason.

*Peterson v. Peterson*, 153 Idaho 318, 320, 281 P.3d 1096, 1098 (2012) (citing *Schultz v. Schultz*, 145 Idaho 859, 861–62, 187 P.3d 1234, 1236–37 (2008)).

## III. ANALYSIS

### A. This is a valid permissive appeal.

As a preliminary matter, the Does argue that this appeal is invalid because it does not comply with the final judgment requirement of Idaho Appellate Rule 12.1. The Does are incorrect because the orders on appeal were entered after a final judgment terminating parental rights.

Idaho Appellate Rule 12.1(a)(2) specifically provides for permissive appeal to this Court from "a final judgment or an order entered after final judgment in a Child Protective Act proceeding." A judgment is considered final when it complies with the requirements found in Idaho Rule of Civil Procedure 54(a)(1). The Does argue that the judgment terminating parental rights to E.P. and L.P. is not final because the CPA case continues without permanency for the children. This argument is based upon the requirement that a judgment must resolve "all claims for relief, except costs and fees, asserted by or against all parties in the action." I.R.C.P. 54(a)(1).

This argument is without merit. On August 28, 2015, the magistrate court entered a judgment terminating parental rights for both children and naming the Department as guardian and custodian of the children. Our previous decisions clearly hold that a judgment terminating parental rights is considered a final judgment. *See In re Termination of Parental Rights of Doe (2013-17)*, 155 Idaho 896, 900, 318 P.3d 886, 890 (2014); *see also Doe (2013-23) v. Doe,* 155

Idaho 660, 663, 315 P.3d 848, 851 (2013) (wherein termination order on appeal was not a final judgment only because it did not comply with requirements of Rule 54(a)(1)). This judgment meets the requirements of Rule 54(a)(1) because the Department received the relief regarding the children that it requested. Therefore, this appeal is valid under Idaho Appellate Rule 12.1(a)(2) because the orders on appeal were entered after a final judgment.

**B. The magistrate court abused its discretion by disregarding the sibling placement priority and the Department's primary role when considering the permanency plans.**

At the outset, we wish to acknowledge the magistrate judge's understandable frustration with the Department's conduct in this case. As the court explained at one hearing:

> I feel, looking back at this as the Court, we have the Court system. We have the child protection system. We have the whole system, review hearings, progress report, permanency plans, and none of it functioned in this case. I'm sitting here running the show**. I look back going, this case didn't function because progress reports were not accurate.** Review hearings, stuff wasn't being provided. Permanency plan isn't being followed, and that's where I say—and whether it is or not, I don't know. And I've been sitting here looking at this going, the whole system—this whole case didn't function and how as a judge can I fulfill my role in this case when I cannot at this point have any real degree of confidence in what I am reading, what I am being provided? That's what leads me right now going, what do I believe, what do I do? I have to sign off on something and I'm searching for some way to have some confidence in —have things match up. That's what I'm searching—And like the selection committee, the outcome, as I read the outcome for placement selections, **it looks like it was based on entirely different information than I have been given**. It does not match with what I have been given in this case, and that's why I was asking about, is there a record of what happened there, what occurred, that I could listen to that, review that, see what really, in fact, happened, because I'm having to put this stuff together myself and decide what I believe from the person that tells me, not what somebody—it's hearsay. And any hearsay now has become, I want to hear from the person themselves that have something to say, not somebody else representing what somebody else says or thinks, but what, in fact, each person thinks or believes and then I can make my own judgment. Try to weave it all together because it doesn't match up.

(emphasis added).

Later, the magistrate judge devoted over 100 pages detailing the discrepancies in these reports and the manner in which the Department had failed to comply with both internal and statutory requirements. Although we hold that the magistrate court erred, its decisions represent an understandable response to the failures of the Department.

After a court has acquired jurisdiction over a child under the CPA, the court must conduct a permanency hearing within twelve months of acquiring jurisdiction and annually thereafter until the court's jurisdiction under the CPA ends. I.C. § 16-1622(2)(b). Before each permanency hearing, the Department is required to file a permanency plan and its recommendations for the child under its guardianship. I.C. § 16-1629(9). In this permanency plan, the Department must provide a variety of information including a primary permanency goal. The permanency plan may include a concurrent permanency goal. I.C. § 16-1622(2)(a).

At each permanency hearing, the court is given authority to "approve, reject or modify the permanency plan of the [D]epartment and review progress in accomplishing the permanency goal." I.C. § 16-1622(2)(b). The court is also required to "make written case-specific findings whether the [D]epartment made reasonable efforts to finalize the primary permanency goal in effect for the child." I.C. § 16-1622(2)(c).

This Court has not previously defined the applicable standard for review of a magistrate court's decision to accept, modify, or reject the Department's proposed permanency plan. Sister states that have considered this question have reviewed non-termination permanency plan decisions for abuse of discretion. *See In re Ashley S.*, 66 A.3d 1022, 1037 (Md. 2013); *In re Yve S.*, 819 A.2d 1030, 1049 (Md. 2003); *In re Care and Protection of Lloyd*, No. 01-P-900, 2002 WL 21725, at *1 (Mass. App. Ct. 2002).[1] We agree with these states that the abuse of discretion standard should govern review of a magistrate court's decision to accept or reject the Department's proposed permanency plan.

The abuse of discretion standard presents a multi-layered inquiry. First, as described above, this Court determines whether the trial court recognized the issue as one of discretion. *Peterson*, 153 Idaho at 320, 281 P.3d at 1098. Here, the magistrate court accepted the modification to the permanency plan with regard to L.P. but rejected the modification with regard to E.P. This partial acceptance and partial rejection reflects the trial court's recognition of its discretion. However, the court must have also "acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to the court . . . ." *Id.*

---

[1] This unpublished opinion cited a Massachusetts statute which expressly defined the appellate standard of review. Mass. Gen. Laws ch. 119, § 29B (1999).

Idaho Code section 16-1622(2)(b) provides the court with authority to approve, reject, or modify permanency plans without reference to specific guidelines. Despite this, the applicable legal standards are clear. Under federal law, there is a clear preference to place siblings together whenever possible. *See* 42 U.S.C.A. § 671. This preference is also reflected in Idaho law. The CPA requires the court to determine whether "siblings were placed together" at each permanency hearing by evaluating:

> the efforts made to place siblings together, the reasons why siblings were not placed together or why a joint placement would be contrary to the safety or well-being of one (1) or more of the siblings, and a plan for ensuring frequent visitation or ongoing interaction among siblings, unless visitation or ongoing interaction would be contrary to the safety or well-being of one (1) or more of the siblings.

I.C. § 16-1622(2)(h)(ii). This statute evidences a clear legislative preference for keeping siblings together whenever possible.

In *Idaho Dep't of Health & Welfare v. Hays*, 137 Idaho 233, 236, 46 P.3d 529, 532 (2002), this Court made clear that in adoption proceedings "the Department has the sole authority to select who should adopt the children." *See also Doe v. Idaho Dep't of Health & Welfare*, 150 Idaho 491, 495, 248 P.3d 742, 746 (2011); I.C. § 56-203(8). There is nothing in the adoption statute that gives the magistrate judge authority to select adoptive parents. *Hays*, 137 Idaho at 237, 46 P.3d at 533; I.C. § 16-1504. Both *Hays* and Idaho Code section 16-1629(8) make clear that the Department—not the court—has the primary responsibility for children in the Department's custody. Thus, the magistrate court's discretion over permanency plans must be exercised in a fashion that recognizes the preference for sibling placement and the Department's primary responsibility for children in its care.

Based upon the expert report and other evidence, the Department concluded, consistent with the statutory preference for sibling placement, that the best interest of the children is to remain together. Although the Department originally considered the Does as a placement for the children, this ceased to be an option when the Does had L.P. removed from their home in 2015. After L.P.'s removal from the Does' home, the Department has made it clear to the court that it would not consent to an adoption of either child by the Does. The magistrate court's refusal to allow the Department to modify the permanency plan for E.P. frustrated both the preference for sibling placement and the Department's primary responsibility for the children. Because the magistrate's order is inconsistent with these principles, we hold that the magistrate court abused its discretion by rejecting the proposed amended permanency plan for E.P.

**C. The magistrate court abused its discretion by preventing the Department from removing E.P. from the Does' home.**

On December 17, 2015, the magistrate court entered an order that E.P. could not be removed from the Does' home without prior court approval. The magistrate judge explained that separating E.P. from the Does would not be in her best interest. We review this order for an abuse of discretion.

The magistrate court was required to exercise its discretion "consistently with the legal standards applicable to the specific choices available to" the court. *Peterson*, 153 Idaho at 320, 281 P.3d at 1098. As we explained in *In re Doe*, 134 Idaho 760, 767, 9 P.3d 1226, 1233 (2000): "the CPA provides the court only limited authority to review the Department's placement decisions." "Once the Department has legal custody of a child under the CPA, the Department and not the court has the authority to determine where the child should live." *Id*. While it is true that the Department's placement decisions are subject to approval by the court when contested by a party, these decisions are only reviewed by the court for the limited purposes outlined in the statute. *Id*.; I.C. § 16-1629(8) (providing right to review out of state placements and placements in the home from which the child was removed). This is substantially more limited than the court's scope of review in custody cases where it does consider which "arrangement will advance the best interests of the child." *Doe*, 134 Idaho at 767, 9 P.3d at 1233. Accordingly, we hold that the magistrate court abused its discretion.

**D. The magistrate court erred by terminating the Department's guardianship over E.P.**

At the final permanency hearing, the trial court, acting *sua sponte*, revoked the Department's guardian status and appointed Jane Doe as guardian for E.P. Idaho Code section 15-5-212A prescribes the procedure for terminating a guardianship under the CPA. The first of these requirements is a motion. I.C. § 15-5-212A(5). Next, the movant must show by clear and convincing evidence that (1) there has been a substantial and material change in circumstances since the appointment of the guardian and (2) termination of the guardianship would be in the best interests of the minor. *Id*. Finally, the Department must be given notice and the right to appear and be heard on the issue. I.C. § 15-5-212A(2); I.C. § 15-5-212A(3). In this case, the record clearly shows that these procedures were not followed. Accordingly, we hold that the magistrate court erred in its *sua sponte* termination of the Department's guardianship.

**E. The Appellants have not shown prejudice to a substantial right on the issue of the Does' participation before the magistrate court.**

7

Originally, the Does sought to intervene in the CPA proceeding for the children. The magistrate court denied this request, but allowed the Does, through counsel, to cross-examine certain witnesses, attend proceedings, and receive reports related to the CPA proceeding. The appellants argue that allowing the Does to participate in this manner was improper.

At any stage of a proceeding, Idaho courts are to "disregard all errors and defects that do not affect any party's substantial rights." I.R.C.P. 61. "Consequently, because an appellant can only prevail if the claimed error affected a substantial right, the appellant must present some argument that a substantial right was implicated." *Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, 18, 278 P.3d 415, 420 (2012) Thus, in order to prevail on this issue, the Department must have argued before both the magistrate court and this Court that participation of the Does prejudiced the substantial right of any party.

We have carefully reviewed the appellants' opening brief. The only arguments that might be deemed to relate to the prejudice to a substantial right are the bald assertion that the magistrate court's decision resulted in delay which had "devastating effects on the children" and that it "turned the post permanency planning into an adversarial process." Although we agree with appellants that the magistrate court erred by permitting non-parties to participate in the proceedings, appellants have not demonstrated prejudice to a substantial right.

### F. The magistrate court's finding that the Department failed to take reasonable efforts to finalize a permanency plan has been rendered moot.

The Department also disputes the magistrate court's finding that the Department failed to take reasonable efforts to finalize a permanency plan for the children. As explained above, the magistrate judge's frustration with the Department was well-documented and understandable. However, because we now hold that the magistrate court erred when it refused to allow amendment to the permanency plan, the Department's efforts towards accomplishing the original permanency plan has been rendered moot because any decision on this issue would not have a practical effect upon the outcome. *See State v. Manzanares*, 152 Idaho 410, 419, 272 P.3d 382, 391 (2012).

### IV. CONCLUSION

We vacate the orders of the magistrate court refusing to allow the Department to modify the permanency plan for E.P., revoking the Department's guardianship of E.P, and directing the

nature of contact and visitation for E.P. On remand, the case will be assigned to a new magistrate judge.

Chief Justice BURDICK, Justices JONES, BRODY, and Justice Pro Tem TROUT **CONCUR.**